KATIE CÆSAR, Appellant, *v.* JACOB RUBINSON et al.,
Respondents.

LEASE — WHEN SUM DEPOSITED AS SECURITY FOR PERFORMANCE WILL NOT BE REGARDED AS LIQUIDATED DAMAGES ALTHOUGH IT IS EXPRESSLY SO DESIGNATED. Under a lease containing a provision that a thousand dollars deposited by the tenants to secure the faithful performance thereof should in case of any breach by them be retained by the landlords "as liquidated damages for such breach, but in case the actual damages suffered by said landlords through such breach shall be greater than said sum" then it should be applied on account of such damage and the tenants be

still liable for the balance thereof, the fact that the deposit is expressly designated as liquidated damages is not conclusive in case of a breach by the tenants — where the only breach complained of is the failure to pay a balance of forty-five dollars due on the monthly rent and for that reason they are dispossessed, as the damages are easily ascertained and the amount is out of all proportion to the amount of the deposit; under such circumstances it must be regarded as security for the performance of the covenants of the lease, and not as liquidated damages, especially as the lease declares that it should not be regarded as liquidated damages if the landlords' loss exceeded it, but in such event should be applicable upon the actual damages; and the proviso, therefore, is not mutually binding upon both parties; and the landlord having asserted his right of re-entry thereby waives all claim to the deposit except so far as it is necessary to apply it in payment of rent then due or accrued.

*Caesar* v. *Rubinson*, 71 App. Div. 180, reversed.

(Submitted April 9, 1903; decided April 28, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 15, 1902, which reversed a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Moses Feltenstein* for appellant.   The warrant of dispossession canceled the lease and exonerated the plaintiff's assignors from all liability for the future payment of rent. (*Michaels* v. *Fischel*, 64 N. Y. Supp. 1007; Code Civ. Pro. § 2253.) The provision of the lease wherein the landlords were authorized to retain the $1,000 deposited as liquidated damages in case of any breach of the provisions of the said lease, constitutes in effect a penalty and is not in law liquidated damages. Being a penalty, the provision is void, and the plaintiff is entitled to recover the amount deposited. (13 Am. & Eng. Ency. of Law, 864; *Cotheal* v. *Talmage*, 9 N. Y. 551; *Bagley* v. *Peddie*, 16 N. Y. 469; *Scott* v. *Montello*, 109 N. Y. 1; *Choude* v. *Shepard*, 122 N. Y. 397.)

*J. Charles Weschler* for respondents.   The clause of the lease authorizing the deposit to be retained as security for the

performance of all the covenants of the lease, and making the deposit liquidated damages, took the case out of the provisions of section 2253 of the Code of Civil Procedure. (*Longobardi* v. *Yuliano*, 33 Misc. Rep. 472; *James* v. *Rubino*, 30 Misc. Rep. 452; *Hackett* v. *Richards*, 13 N. Y. 138.) The deposit was received by the defendants under an agreement with the tenants that in case of any breach of the agreement the defendants might hold it as liquidated damages for the breach; it is conceded that there was a breach and neither the plaintiff nor his assignors, therefore, have any right of action against the defendants for the return of such deposit. (*Jones* v. *Binford*, 74 Me. 445; *Curtis* v. *Van Bergh*, 161 N. Y. 47; *Niver* v. *Rossmore*, 18 Barb. 50; *Mott* v. *Mott*, 11 Barb. 134; *Ward* v. *H. R. B. Co.*, 125 N. Y. 230; *Little* v. *Banks*, 85 N. Y. 258; *Kemp* v. *K. I. Co.*, 69 N. Y. 45, 57; *Clement* v. *Cash*, 21 N. Y. 253; *Baglie* v. *Peddie*, 16 N. Y. 469; *Dunlop* v. *Gregory*, 10 N. Y. 241; *Cotheal* v. *Talmadge*, 9 N. Y. 551.)

O'BRIEN, J.   This was an action to recover a sum of money which was deposited with the defendants under the following circumstances and conditions: On the 27th of January, 1899, the defendants entered into a written agreement with certain persons named Goldberg and Goldstein which took the form of a lease, whereby the defendants, as landlords, undertook to erect upon their lands in the city of New York, a three-story brick building containing stores, a dance hall with gallery, lodge and meeting rooms.   Goldberg and Goldstein on their part agreed to take possession as tenants of the property as soon as the premises were ready for use and occupation, which was to be not later than March 1st, 1900, and to continue in possession for a term of ten years.   They were to pay an annual rental of $3,300 in monthly payments of $275 on the first day of each month.   There was no provision in the lease for any security for the payment of the rent or for the carrying out of the agreement on the part of the owners, but the instrument contained the following provisions:

" The said tenants shall deposit, and have deposited, with said landlords the sum of One thousand dollars, the receipt whereof is hereby acknowledged, as security for the faithful performance of this agreement on their part, and in case of any breach thereof by said tenants said amount shall be paid and retained by said landlords as liquidated damages for such breach, but in case the actual damages suffered by said landlords through such breach shall be greater than said sum of One thousand dollars then said sum shall be applied on account of such damage and said tenants be still liable for the balance thereof.    Interest at the rate of six per cent shall be paid and allowed by the landlords to the tenants on said sum of One thousand dollars from the beginning of the term, such interest to be deducted from the monthly rent to be paid as hereinbefore provided ; and that this agreement and all covenants thereunder shall be well and faithfully kept and performed by said tenants, then said sum shall be held by said landlords and shall be applied in part payment of the rent for the last four months of the term hereinbefore provided for.    *   *   *  The said landlords do hereby covenant that said tenants on paying the said yearly rent and on performing the conditions and covenants hereinbefore provided for shall and may peaceably and quietly have, hold and enjoy the said demised premises for the time aforesaid.    And in case said landlords shall fail to erect said buildings hereinbefore provided for, then said landlords shall pay to said tenants the sum of One thousand dollars in addition to the deposit to be returned as the agreed settled and liquidated damages."

Everything appears to have been carried out in the first instance according to the agreement. · The building was erected and the tenants took possession of the same, continued to occupy the premises and to pay rent until about the 1st of May, 1901, at which time they defaulted in the payment of $45 of the rent for the previous month.    Thereupon the defendants, as landlords, instituted summary proceedings against the tenants under the statute and dispossessed them. The tenants subsequently assigned to this plaintiff the one

thousand dollars which had been deposited pursuant to the provisions of the lease, and this action was commenced to recover that amount, less the $45, balance of rent unpaid at the time the tenants were dispossessed. At the trial judgment was directed in favor of the plaintiff, but the Appellate Division upon appeal, by a divided court, reversed the judgment and granted a new trial.

The principal question involved upon this appeal is whether the one thousand dollars deposited by the tenants, as above set forth, is to be regarded, under the circumstances, as liquidated damages which the landlords were entitled to retain upon entering into possession of the demised premises. The circumstance that the deposit is described in the lease as liquidated damages for a breach of the agreement is not at all conclusive. The character of the deposit, whether liquidated damages or a penalty, depends upon the intention of the parties as disclosed by the situation and by the terms of the instrument. The deposit is not necessarily to be regarded as liquidated damages, although it is expressly so stated in the instrument. Whether it is that or a penalty depends upon the nature of the transaction and the intention of the parties. This has been frequently held in the case of an ordinary lease and where the amount was largely out of proportion to the damages suffered by the breach of the lease. (*Chaude* v. *Shepard*, 122 N. Y. 397.)

A provision in a contract such as that now under consideration will be treated as liquidated damages only in those cases where from the nature of the transaction the actual damages consequent upon a breach of the contract are incapable of accurate measurement, or where the sum specified in the instrument is not out of all proportion to any damages which could possibly arise from a breach. In the cases where these general features do not exist, the tendency of the courts is to treat the stipulation not as providing for liquidated damages, but in the nature of a penalty. Where the language of such a provision specifying the amount of damages to be paid in case of a breach of the contract is clear and explicit

to that effect, the amount is to be deemed liquidated damages when the actual damages contemplated at the time the agreement was made are in their nature uncertain and unascertainable with exactness and may be dependent upon extrinsic considerations and circumstances, and the amount is not on the face of the contract out of all proportion to the probable loss. (*Curtis* v. *Van Bergh*, 161 N. Y. 47; *Ward* v. *Hudson River Bldg. Co.*, 125 id. 230.)

The only breach of the lease which the defendants assert as a ground for retaining the deposit is the omission of the tenants to pay the forty-five dollars of the monthly rent. In all other respects the covenants of the lease were kept and performed. In order to uphold the judgment we must hold that it was the intention of the parties when making the contract that for such a breach the entire deposit was to be forfeited to the landlords. There is no inherent difficulty in measuring the legal damages which the landlord sustained in a case where the tenant omits to pay the rent, and is for that reason dispossessed. The rule of damages in such cases is quite well settled. It is not claimed in this case that the landlord sustained any other damages beyond the loss of the rent, and that was allowed at the trial and deducted from the deposit. In the absence of anything in the record to the contrary, the presumption is that the landlord resumed the possession of the demised premises or relet them for the same or for a larger rental, and if so, it is difficult to see why he should be entitled to have the leased premises and the deposit at the same time. He was not bound to take possession, but could have exhausted the deposit by applying it upon the arrears of rent from time to time as it fell due. But having elected to re-enter, it would seem to be unjust to permit him to have the use of the premises and the deposit of one thousand dollars besides, especially where there is no claim that any damages were sustained beyond the loss of the unpaid rent. This is, therefore, a case where the damages sustained by reason of the breach of the lease in the failure to pay the stipulated rent could have been easily ascertained, and when ascertained,

it is out of all proportion to the deposit retained under the claim that it was liquidated damages. It is declared by the stipulation in the lease that the amount specified therein should not be regarded as liquidated damages if the landlords' loss exceeded that sum, but in such event it should be applicable upon the actual damages whatever they were found to be. It is difficult to believe that the parties intended that the deposit should have one character as to the landlord and another character as to the tenant. That as to the former, it was not liquidated damages, but was as to the latter. A provision in a lease in regard to liquidated damages, such as the one in question, that is not mutually binding on both parties, should not be enforced against one of them unless the facts and circumstances are such as to make it entirely clear that such was the purpose of the stipulation. I am unable to distinguish this case in principle from those in which this court has passed upon provisions of a similar character in leases or agreements between landlord and tenant. ( *Chaude* v. *Shepard, supra ; Scott* v. *Montells,* 109 N. Y. 1.) In these cases it was held that the deposit was intended as security for the performance of the covenants of the lease and not as liquidated damages.

The entry of the landlord under the warrant issued upon the judgment in the proceedings to dispossess the tenants for failure to pay the forty-five dollars canceled the lease and annulled the relation of landlord and tenant. When the landlord elected to assert that right he waived all claim to the deposit, except so far as it was necessary to apply it in payment of rent then due or accrued. (Code Civ. Pro. § 2253; 2 Taylor's Landlord & Tenant, § 725.)

If these views are correct, it follows that the landlord was not entitled, under the circumstances of this case, to retain the deposit. The order of the Appellate Division should, therefore, be reversed, and the judgment of the trial court affirmed, with costs.

PARKER, Ch. J., GRAY, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Order reversed, etc.