## YANNUZZI v. GRAPE.

(Supreme Court, Appellate Term.  March 15, 1905.)

LEASES—TERMINATION—DEPOSIT AS SECURITY.

> Under a lease which, after a covenant of the lessee to pay rent month-ly in advance and the usual covenants of a lease, provided that the lessee shall make a deposit, to be held "during the continuance of" the lease, as security for the payment of the rents and the performance of the covenants contained in the lease, and then provides that in case of default in any of the covenants the landlord may resume possession of the premises and relet, the lessee to make good any deficiency, the lessor having recovered possession by summary proceeding, and thus terminated the lease, is not entitled to retain the deposit as security for any de-ficiency under the reletting.

> [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 743–748.]

> Scott, J., dissenting.

Appeal from City Court of New York.

Action by Pasqualo Yannuzzi against James E. Grape. From a judgment for plaintiff after a trial without a jury, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Charles A. Gardiner, for appellant.

Martin Wechsler, for respondent.

MacLEAN, J.  In October, 1903, the plaintiff went into possession of premises in Fulton street, for a term of five years, under an instrument wherein he covenanted, among other things, to pay the defendant, lessor, monthly in advance, rent at the rate of $1,200 the first year and $1,500 the years thereafter; that if any rent should be due and unpaid, or if default should be made in any of the covenants, it should be lawful for the lessor, herein the defendant, to re-enter the premises and remove all persons therefrom; that in case of default in any of the covenants the landlord might "resume possession of the premises and rent the same for the remainder of the term at the best rent he can obtain for account of the tenant who will make good any deficiency." The plaintiff, then lessee, further agreed to deposit, and did deposit, with the defendant $1,000, to be held by him "during the continuance of this lease as security for the faithful payment of the rents and the performance of the covenants contained in this lease, but the same shall not be deemed a payment of rent under this lease excepting the last month's rent which may become due." On June 16, 1904, rent being unpaid, and $400 being due therefor, including that for the month of June, the plaintiff was removed from, and the defendant recovered possession of, the premises, under a warrant issued in statutory summary proceedings.  The plaintiff brought this ac-

tion for the recovery of the deposit. He has recovered judgment therefor, less the arrears—that is, for $1,000 less $400, besides some interest —under a construction of section 2253, Code Civ. Proc. Under this section of statute the issuing of the warrant for removal of the plaintiff annulled the relation between the parties of landlord and tenant, and canceled the agreement for the use of the premises, i. e., the contract of letting or lease. Whether, in the absence of provision (e. g., as in Hackett v. Richards, 13 N. Y. 138) for resumption of possession other than by the ancient method of re-entry, "coeval with the common law," resort to summary proceedings might affect the covenant to pay deficiency, arising from reletting for account of the plaintiff, formerly the tenant, we are not called upon to decide, particularly as it is conceded that the defendant, whilom the landlord, has chosen to have back again and to keep his own property. Termination of the contract of letting determined the period for which the defendant might hold the deposit as security, namely, during the continuance of the lease. The plaintiff was entitled to his recovery. Fleishauer v. Bell, 44 Misc. Rep. 240, 88 N. Y. Supp. 922.

Judgment affirmed, with costs.

DAVIS, J. (concurring). Under the authorities the provision by which the lessee promised to make good any deficiency arising under a reletting survives the resuming of possession by summary proceedings. But it does not follow that the deposit of $1,000 was intended by the parties to the lease as security for the faithful performance of this particular provision. The terms of the lease indicate the contrary. The money was to be held as security only "during the continuance of the lease." This language limits the application of the security to covenants broken while the lease was in existence, and, as the lease ended with the summary proceeding, the plaintiff's right to a return of the deposit, less the rent due and unpaid, seems complete.

There is still another reason for holding that the parties did not intend that the deposit should be held as security for the performance of the agreement to make good any deficiency arising on a reletting. Under the lease the deposit is "to be held during the continuance of this lease as security for the faithful payment of the rents and the performance of the covenants contained in this lease. * * *" This provision is inserted in the lease near its end, and after the covenants usually found in leases. Then comes the agreement of reletting, as follows:

"That in case of default in any of the covenants the landlord may resume possession of the premises and re-let the same for the remainder of the term at the best rent he can obtain for account of the tenant, who will make good any deficiency."

The use of the word "covenants" in this latter provision shows that, when the parties referred to the covenants in the lease, they could not have intended to include the agreement of reletting itself. Manifestly the word "covenants" does not include the agreement of reletting, but refers only to the other provisions of the lease. It follows that the deposit was not made to secure the faithful performance of the agree-

ment of reletting, and it should therefore be returned to the plaintiff as above stated.

For these reasons, I think the judgment should be affirmed.

SCOTT, J. (dissenting).  By a lease the defendant demised to plaintiff for a term of years certain real property, and the plaintiff deposited with defendant a sum of money, "to be held by the party of the first part, during the continuance of the lease, as security for the faithful payment of the rents, and the performance of the covenants contained in this lease."  The instrument of lease contained a covenant for re-entry by the landlord in case of nonpayment of rent.  It also contained a separate covenant to the effect that:

"In case of default in any of the covenants the landlord may resume possession of the premises and re-let the same for the remainder of the term at the best rent he can obtain for account of the tenant who will make good any deficiency."

After the plaintiff had gone into possession, he failed to pay an installment of rent, and the landlord instituted summary proceedings under the statute, and, having obtained a final order, resumed possession of the demised premises.  Of the amount deposited by the tenant as security, all but $600 has been applied by the landlord to the payment of the rent due up to the time of the dispossession.  This action is to recover the balance of the deposit.

Although the lease reserved to the landlord in one covenant the right to "re-enter" for nonpayment of rent, under which, as has been held, he could resort only to the common-law action of ejectment, it is not contended, nor can it well be contended, that this was his exclusive remedy.  Outside of and without regard to the lease, he still had a statutory right to resort to summary proceedings.  The only question presented is as to the effect of the resumption of possession under statutory summary proceedings upon the defendant's right to retain the deposit.  The effect of a dispossession upon a lease is well settled.  It "cancels the agreement for the use of the premises," and "annuls accordingly the relation of landlord and tenant."  Code Civ. Proc. § 2253.  It does not, however, wipe out those covenants and conditions of the lease which by their very terms survived the resumption of possession.  Baylies v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891; McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208; Harding v. Austin, 93 App. Div. 564, 87 N. Y. Supp. 887; Lewis v. Stafford, 24 Misc. Rep. 717, 53 N. Y. Supp. 801; McAdam on Landlord and Tenant (3d Ed.) 963.  As was pointed out in the case first above cited, a covenant to pay deficiency arising out of a reletting after the resumption of possession by the landlord would be meaningless and valueless, if it were to be held to be destroyed by the very act of resuming the possession.  The covenant to make good any deficiency, therefore, survived the dispossession proceedings, and, since the deposit was made to secure the performance of all the covenants, the landlord is entitled to retain what remains of it to secure the performance of the covenant which thus survives.  The covenant differs in an essential particular from that considered by the Court of Appeals

in Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425. There the covenant to make good any deficiency was conditioned upon "re-entry" by the landlord, and this was held to mean only a resumption of possession by means of an action of ejectment. Here the covenant is to pay any deficiency which may arise after the landlord may have resumed possession, without limiting it to such resumption by any particular form of action or proceeding. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. The cases cited by respondent are not to the contrary. The distinction between the present case and Michaels v. Fishel has already been pointed out. In Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358, the covenants covered by the security were to pay rent and Croton water charges and make repairs during the term. Page 400 of 122 N. Y., page 359 of 25 N. E. Obviously these covenants did not survive the curtailment of the term. In Scott v. Montells, 109 N. Y. 1, 15 N. E. 729, no such covenant appears as is here considered. In Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58, the only question involved was whether the deposit should be treated as liquidated damages or as security for actual damages. The result is that the plaintiff has no present cause of action for the return of his deposit, and cannot have until it shall have been ascertained, at the end of the term for which the lease was made, whether or not there has been an actual deficiency in the rental realized by the landlord upon a reletting.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.