(52 Misc. Rep. 548)

## CORO v. GREENWALD.

(Supreme Court, Appellate Term. February 11, 1907.)

LANDLORD AND TENANT — NONPAYMENT OF RENT — EVICTION — SECURITY FOR RENT—RECOVERY.

A tenant, hiring certain premises for one year at a monthly rental, deposited security for one month's rent, to be repaid on the expiration of the lease. After several months, the tenant failed to pay the rent on the 1st day of the month, and on the 4th day thereof eviction proceedings were instituted. On the 9th day a warrant was issued, but at some time between the 4th and 9th the tenant moved out, and the landlord re-entered on the last-named day. *Held*, that the tenant was not entitled to recover any of the deposit, since her entire month's rent, which was the amount of the deposit, became due and payable on the 1st day of the month and was not affected by her dispossession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 745–748.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Eulogia Coro against Augusta Greenwald. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Paul Hellinger, for appellant.

Knox & Dooling (John T. Dooling, of counsel), for respondent.

GILDERSLEEVE, J. Plaintiff hired premises of defendant for one year at the rate of $55 a month. At the time of making the lease plaintiff paid defendant $55 and took following receipt therefor, viz.:

"Received of Mrs. Eulogia Coro fifty-five dollars ($55) for security for one month's rent, which will be due to Mrs. E. Coro on the expiration of said lease."

Plaintiff paid her rent up to and including the month of July, 1905, but she defaulted on the August rent. Defendant instituted summary proceedings to evict her on the 4th of August, 1905, and on August 9, 1905, a warrant was issued; but some time between the 4th and the 9th of August plaintiff moved out, and on August 9th defendant re-entered upon said premises and took possession thereof. The plaintiff brought this action to recover the $55 given as security as aforesaid, which was to be returned to her on the "expiration of the said lease." The justice allowed plaintiff $39.07, apparently made up as follows:

Amount of deposit........................................... $ 55 00
Less rent for 9 days of August.............................. 15 93
                                                            ———————
    Leaving ................................................ $ 39 07

For this sum, together with $2 costs, judgment was given for plaintiff. Defendant appeals.

The lease was terminated by the issuing of the warrant and re-entry of the landlord on August 9th. The tenant, upon her removal from the premises, in summary proceedings for nonpayment of rent, was entitled to recover the deposit, less the amount of rent in arrears at the

time the lease was terminated by her dispossession. Yannuzzi v. Grape, 46 Misc. Rep. 559, 92 N. Y. Supp. 819. The rent for August became due in advance on the 1st day of August, under the lease, and amounted to $55. This was not paid, and was in arrears at the time of the termination of the lease. In the case of Caesar v. Rubinson, 174 N. Y. 498, 67 N. E. 60, the court says:

"The entry of the landlord under the warrant, issued upon the judgment in the proceedings to dispossess the tenants for failure to pay the $45 canceled the lease and annulled the relation of landlord and tenant. When the landlord elected to assert that right, he waived all claim to the deposit, except so far as it was necessary to apply it in payment of rent then due or accrued."

In the case of Bernstein v. Heinemann, 23 Misc. Rep. 464, 51 N. Y. Supp. 467, the Appellate Term held that, where the rent is payable monthly in advance under a lease for one year, a landlord is entitled to a whole month's rent, notwithstanding the tenant was dispossessed by virtue of a warrant issued in summary proceedings before the expiration of the month for default in payment; and the court cited many authorities in support of that doctrine.

The judgment must be reversed, and, as there is no dispute as to the facts, judgment for the defendant ordered for amount of his counterclaim, with costs.

AMEND, J., concurs.

MacLEAN, J. (dissenting). The plaintiff sued to recover a sum certain, deposited with the defendant as security for rent of certain premises, from which he removed and into which the defendant re-entered within the time of the service of the precept to dispossess and the execution of the warrant therefor. The defendant counterclaimed for rent that had accrued and become payable by the terms of the lease on the 1st day of the month, and prior to his repossession of the premises. This was his right, notwithstanding the termination of the lease by summary proceeding, for "at common law the lease must expire before an action can be brought, and then debt is the proper action." Norton v. Vultee, 1 N. Y. Super. Ct. 384, 389. The judgment for the plaintiff for the amount of his deposit, less the value of his use and occupation, was error.

The judgment should therefore be reversed, and judgment should be ordered in favor of the defendant upon his counterclaim, with costs.