(55 Misc. Rep. 306)

HARRIS et al. v. SNYDER.

(Supreme Court, Appellate Term.   June 27, 1907.)

1. COURTS—MUNICIPAL COURT—JURISDICTION—ACTION FOR MONEY HAD AND RECEIVED.

Municipal Court Act, Laws 1902, p. 1487, c. 580, § 1, subd. 1, gives the Municipal Court jurisdiction of an action to recover for breach of contract other than a promise to marry, where the sum claimed does not exceed $500.   Section 2, subd. 2, p. 1490, provides that the court shall not have any equity jurisdiction.   *Held*, that an action to recover money deposited with defendant in escrow for plaintiff's benefit to secure compliance with the terms of a contract did not involve the exercise of equitable power, and that the Municipal Court had jurisdiction.

2. DAMAGES—LIQUIDATED DAMAGES—BREACH OF CONTRACT.

On the sale of buildings in course of erection, the vendors agreed that if, at the time of closing title, they should be unable to furnish tenement house and building department certificates, they would deposit the sum of $250 in escrow, to be paid the vendees if within 60 days the certificates were not secured.   The contract further provided that the money, when turned over to the vendees, should be retained by them as security for any loss they might sustain because of the failure to procure the certificates, but that the liability of the vendors should not be limited thereto.   *Held*, that the sum deposited was liquidated damages, and not in the nature of a penalty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 164.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Simon Harris and another against Edward Snyder. Judgment for plaintiffs, and defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Edward Snyder, in pro. per.

Hyman I. Barnett, for respondents.

SEABURY, J.   This action was brought to recover $250, which had been deposited with the defendant to secure compliance with the terms of a contract.   Certain buildings were sold, which were in course of erection, and it was agreed that, should the vendors be unable to furnish tenement house and building department certificates at the time of closing the title, they were to deposit the sum of $250 with the defendant, who was to hold the money in escrow for 60 days, and if, during that time, the vendors should furnish the vendees with such certificates, the defendant was to return the $250 to the vendors; but, if the certificates were not secured, the defendant was to turn the money over to the vendees immediately upon the expiration of the 60 days, and the vendees agreed to accept the deed to the premises, in the

absence of the certificates, upon the money being so deposited. The $250 was deposited with the defendant pursuant to the contract, and it was established upon the trial that the certificates were not secured. The lower court awarded judgment to the plaintiff for the sum of $250. The defendant urges the reversal of this judgment upon two grounds: (1) That the Municipal Court was without jurisdiction, as the action involved the exercise of equitable power. (2) That the $250 deposited was in the nature of a penalty, and not by way of liquidated damages.

Both of these grounds are untenable. It is true that the Municipal Court is without any equity jurisdiction (Municipal Court Act, Laws 1902, p. 1490, c. 580, § 2, subd. 2); but the present action does not call for the exercise of equitable powers. It is simply an action to recover for money had and received by the defendant for the benefit of the plaintiffs, and as such is within the jurisdiction specifically conferred upon the Municipal Court. Municipal Court Act, Laws 1902, p. 1487, c. 580, § 1, subd. 1. The only fact necessary to be determined under the contract upon which the plaintiff seeks to recover is whether the certificates were secured. If they were not, the plaintiffs are absolutely entitled, under the provisions of the contract, to the money deposited. The mere fact that confidence had been reposed in the defendant does not preclude the plaintiffs from maintaining their action upon the contract. If the action involved an accounting, or the adjustment of the rights or claims of several parties to the fund in dispute, a different question would be presented. Thus it has been held that the City Court of the city of New York, although without equitable jurisdiction, except in a very limited class of cases, has jurisdiction of an action brought to compel the payment of the balance of the proceeds of a life insurance policy assigned by the deceased as collateral security for notes of a less amount. Cushman v. Family Fund Society, 9 N. Y. Supp. 272. The plaintiff seeks to recover a sum of money only, for the recovery of which it is unnecessary to invoke the exercise of any equitable powers. This action is, therefore, one of which the Municipal Court of the city of New York has jurisdiction.

Nor can the defendant defeat the plaintiffs' right to recover upon the ground that the $250 deposited was in the nature of a penalty, and not by way of liquidated damages. The contract under which the money was deposited provided that:

"Said $250, when turned over to said vendees aforesaid [the plaintiff], shall be retained by them as security for any loss they may sustain because of the failure of said vendors to procure said certificates; but it is not intended that the liability of the vendors shall be limited thereto."

In determining whether the sum deposited is to be regarded as liquidated damages or as a penalty, it should be borne in mind that:

"The character of the deposit, whether liquidated damages or a penalty, depends upon the intention of the parties as disclosed by the situation and by the terms of the instrument. The deposit is not necessarily to be regarded as liquidated damages, although it is expressly so stated in the instrument. Whether it is that, or a penalty, depends upon the nature of the transaction and the intention of the parties." Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58.

Applying this rule to the instrument now before us, and having in mind the situation of the parties, we think that the $250 deposited was

intended to be regarded as liquidated damages. The plaintiffs had purchased four houses, then in course of erection, and had taken title to them, although the certificates of the tenement house and building department had not been obtained. The failure to secure these certifi-cates was a substantial detriment and disadvantage to the plaintiffs,. and the sum of $250 was not out of proportion to the probable damages which the plaintiffs would sustain by reason of the failure to secure these certificates. The intention of the parties is clearly revealed from the terms of the instrument. The conveyance of the property was not to fail because of the inability to secure the certificates at the clos-ing of the title, but the $250 was to be paid as compensation to the plaintiffs for the damages they sustained on this account. The nature of the contract was such as to make an accurate measurement of dam--ages consequent upon the breach of the contract difficult, if not im-possible. The fact that the contract provided that "it is not intended that the liability of the vendors shall be limited" to the sum of $250 does not of itself, in view of the other circumstances of the case, change the character of this sum from being liquidated damages to that of a penalty. In Caesar v. Rubinson, supra, the court said:

"When the language of such a provision, specifying the amount of damages to be paid in case of a breach of a contract, is clear and explicit to that ef-fect, the amount is to be deemed liquidated damages, when the actual damages contemplated at the time the agreement was made are in their nature uncer-tain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, on the face of the con-tract, out of all proportion to the probable loss."

We are of the opinion that the present case falls fairly within the rule just stated.

Judgment affirmed, with costs. All concur.