(83 Misc. Rep. 432)

### EMSHEIMER v. THORNER et al.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

LANDLORD AND TENANT (§ 184*)—RENT—DEPOSIT BY TENANT.

Where a lease required the lessee to deposit the amount of one month's rent with the lessor, to be applied as liquidated damages for the performance of the terms of the lease and at its expiration to be returned to the lessor, such sum was not the limit of the landlord's recovery in an action for the last two months' rent, being merely intended as security and to be paid to the lessor as the last month's rent; the deposit being wholly disproportionate to the landlord's actual damages, which were readily ascertainable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob Emsheimer, as executor of the estate of Julius Flato, deceased, against Max D. Thorner and another, doing business under the firm name and style of Thorner Paper Box Manufacturing Company. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Rose & Paskus, of New York City (Benjamin G. Paskus, of New York City, and Louis S. Ehrich, Jr., of New York City, of counsel), for appellant.

Louis E. Goldstein, of Brooklyn (David T. Smith, of counsel), for respondents.

SEABURY, J. Plaintiff sues to recover rent for the months of April and May, 1913, alleged to be due under the terms of a written lease. The only question in dispute relates to the construction of a clause contained in the lease. This clause provides as follows:

"The lessee shall pay to the lessor at the time this agreement is entered into, the sum of eighty-three and $33/100$ ($83.33) dollars (the receipt of which is hereby acknowledged) as one month's rent to be applied on this lease, as liquidated and stipulated damages for the faithful performance of the terms and covenants of this lease, and at the expiration of this lease, the said sum shall be returned to the lessor."

---

The court below held that the $83.33 referred to in this clause constituted liquidated damages, and that this amount was the full measure of the landlord's damages, regardless of the number of months' rent remaining unpaid. Such a construction seems to us unreasonable, and in fact works a forfeiture of the landlord's rights under the lease.

We think that the sum deposited by the lessee was intended as security, and that at the expiration of the lease the sum deposited was to be paid to the lessor on account of one month's rent. To hold that this sum should constitute liquidated damages for any breach of the covenant to pay rent on the part of the lessees, even if the lessees were to fail to pay the rent during the whole term of the lease, is to arbitrarily fix a given sum as damages which is entirely out of proportion to the amount of damage sustained.

The damages which the landlord sustained were easily ascertainable, and were obviously the amount of the rent reserved for each month for which the tenant failed to pay rent. Where the lease requires the payment of a given sum by the tenant, and provides that in the event of the breach of any of the covenants of the lease by the tenant the amount so deposited shall belong to the landlord, and the damages suffered by the landlord are easily ascertainable, and the amount of the loss is out of all proportion to the amount of deposit, the courts have held that such sum will be regarded as security only and not as liquidated damages. Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58.

We think that the same principle should be applied to the facts in this case. Here the amount of the sum deposited is out of all proportion to the actual loss suffered by the landlord, which loss is easily ascertainable, and the sum deposited should be treated as security only and not as liquidated damages. As in the case of a lease which in terms provides that the landlord shall keep the amount of the tenant's deposit, which amount is out of proportion to the damages sustained by the landlord, which are easily ascertainable, the courts refuse to enforce a penalty; so in the case of a lease which in terms provides that the tenant shall treat the sum deposited, which is equal to one month's rent, as liquidated damages regardless of the number of months' rent unpaid by the tenant, the courts will refuse to construe such provision so as to work a forfeiture of the landlord's rights under the lease.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.