RAAB et al. v. NATIONAL SLAVONIC SOCIETY OF THE UNITED STATES OF AMERICA.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

1. INSURANCE ⬅➡815—MUTUAL BENEFIT INSURANCE—ACTION FOR BENEFITS—DEFENSE—EXPULSION OF MEMBER—PLEADING.

In an action against a mutual benefit society for benefits payable on death of a member, where the reasons for which it was alleged that decedent was expelled from membership were fully set out in the answer, the expulsion was sufficiently pleaded as a defense, and a refusal to allow proof on the point was error.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1996–1998; Dec. Dig. ⬅➡815.]

2. WITNESSES ⬅➡142—COMPETENCY—CONVERSATIONS WITH DECEDENT.

In an action against a mutual benefit society by the representative of a deceased member for benefits payable on the death of a member, the exclusion of testimony of officers of the society as to conversations had with the decedent was improper.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 580, 581; Dec. Dig. ⬅➡142.]

Appeal from City Court of New York, Trial Term.

Action by Marie Raab, as guardian ad litem for infant plaintiffs, against the National Slavonic Society of the United States of America. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

Steiner & Peterson, of New York City (Joseph H. Kohan, of New York City, of counsel), for appellant.

Hymes, Woytisek & Schaap, of New York City (Edward Hymes and Michael Schaap, both of New York City, of counsel), for respondents.

GUY, J. Action to recover death benefits under certificate issued by defendant membership corporation.

[1] It was pleaded that the decedent had been expelled from membership in the defendant, but the learned trial justice refused to allow the defendant to prove this defense, sustaining the objection of plaintiffs' counsel that section 91 of the defendant's by-laws should have been incorporated in the plea; and he further denied the defendant's application for leave to amend the said defense by incorporating said action. Assuming that it was necessary for the defendant to plead the expulsion (Elmer v. Mutual Ben. L. A., 19 N. Y. Supp. 289,[1] affirmed 138 N. Y. 642, 34 N. E. 512; Ellis v. National Provident Union, 50 App. Div. 255, 63 N. Y. Supp. 1012; Deming v. Supreme Lodge, 20 App. Div. 622, 48 N. Y. Supp. 649), the reasons for which it is alleged the decedent was expelled are fully set out in the answer, and it was error to refuse to allow the defendant to prove this defense. See Bettenhasser v. Templars of Liberty, 58 App. Div. 61, 68 N. Y. Supp. 505.

[2] For the guidance of the court upon the new trial which must be had, it is proper to refer to another ruling of the learned trial justice. The defendant pleaded that the decedent had withdrawn from membership in the corporation, and in support of this defense put two officers of the subordinate lodge on the witness stand and asked for conversations claimed to have been had between the witnesses and the decedent. Plaintiffs' counsel objected to the testimony as incompetent under section 829 of the Code, and the objection was sustained.

In an action against a corporation, a stockholder is not competent to testify against an executor or administrator of a deceased person as to a personal transaction with the decedent (Andrews v. Reiners, 112 App. Div. 378, 98 N. Y. Supp. 658); and the same reason which excludes the evidence of such stockholder should also operate against the admission of the testimony of a member of a mutual life benefit corporation under like circumstances, for such member is as much interested in the event of a suit against the association or corporation as is a stockholder in an action against a stock corporation. It has been decided, however, by the Appellate Division, Fourth Department (Bopple v. Supreme Tent, 18 App. Div. 488, 45 N. Y. Supp. 1096), that the testimony of an officer of a mutual benefit corporation in an action brought by the representatives of a deceased member is not incompetent under the statute, and, as we feel bound to follow that de-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 639.

cision, it must be held that the defendant's officers should have been allowed to testify as to conversations claimed to have been had with the decedent.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.