## HABER v. SCHONZEIT.

(Supreme Court, Appellate Term, First Department.  May 19, 1916.)

1. LANDLORD AND TENANT ☞184(2)—SECURITY DEPOSIT.

Where the security clause of a lease of a tenement house stated that the tenant's deposit was to secure the conditions of the lease, and that, if the tenant surrendered or was dispossessed before the expiration of the lease, the sum should belong to the landlord as liquidated damages, but the tenant did not surrender and was not dispossessed, so that there was no difficulty in ascertaining damages occasioned by his failure to comply with the terms of the lease, the landlord held the deposit merely as security for the performance, and the tenant could recover the difference between it and the damages occasioned by him.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 745–748; Dec. Dig. ☞184(2).]

2. DAMAGES ☞79(5)—LIQUIDATED DAMAGES—PENALTY—CLAUSE OF LEASE.

A clause of a lease of a tenement house, whereby landlord and tenant stipulate that a security deposit of $1,000 shall be liquidated damages in the event of "any breach" of the lease, because the exact amount could not be determined, must be construed as providing for a penalty, where the tenant remained until the end of the term, and the unpaid rent and costs of repairs tenant should have made could be clearly shown.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 168, 169; Dec. Dig. ☞79(5).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ascher Haber against Dora Schonzeit, individually and as executrix of the last will and testament of Meyer H. Schonzeit, deceased.  From a judgment entered on verdict for plaintiff, defendant appeals.  Judgment reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Moss, Marcus & Wels, of New York City (Isidor Wels, of New York City, of counsel), for appellant.

Isidore Lowenbraun, of New York City, for respondent.

GUY, J.  Plaintiff, formerly a tenant of defendant, brought the action to recover $389.59, balance claimed to be due out of a deposit of $1,000 made by him under a written lease with the landlord.  The demised premises were a tenement house, and the plaintiff admitted that he owed the rent for the last month of the term, amounting to $477.33, that there were various balances for previous months, and that at the time he left the premises there were outstanding against them 22 violations under notices served by the tenement house department, with which he had not complied, and that he collected rent from various tenants beyond the term of his lease.

[1, 2]  The deposit was not liquidated damages for plaintiff's breaches of the covenants in the lease.  The so-called security clause of the lease is as follows:

"The party of the second part has this day deposited with the party of the first part the sum of one thousand ($1,000) dollars, as security for the

faithful performance of all terms, covenants, and conditions in the within lease contained, it being expressly understood and agreed that, if the party of the second part surrenders said premises or is dispossessed therefrom prior to the expiration of this lease, then in that event the said sum of one thousand ($1,000) dollars shall belong to the party of the first part as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages, because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder. If, however, all terms, covenants, and conditions are fully complied with, then in that event the said security shall be returned to the party of the second part at the expiration of this lease. The landlord agrees to pay 3½ per cent. interest on said security annually."

A reading of this clause shows that, while the $1,000 deposit was security for the faithful performance of "all terms, covenants, and conditions in the within lease," it was expressly stipulated that, in the event that the lessee surrendered possession or was dispossessed from the premises during the term, the $1,000 "shall belong to the party of the first part [the landlord] as liquidated and stipulated damages, because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder."

In Hochman v. Bollt (Sup.) 152 N. Y. Supp. 1031, an action by a dispossessed tenant against his landlord to recover back a portion of his deposit under a clause identical with the one in question, it was held by this court that the deposit, in that case $753.22, was liquidated damages, and the complaint was dismissed. As the court there said (152 N. Y. Supp. 1033):

"Where the tenant breaks his lease, so that the landlord is forced to take proceedings to regain possession, payment of past-due rent and damages for failure to keep the covenant to repair is obviously not full compensation for the tenant's breach, for the landlord is thereby deprived of the benefit which he would have received in the future, if the lease had continued in full force and effect. The very difficulty, not to say impossibility, of proving such damages, is in itself a good reason for the parties agreeing in advance to fix the amount of such damages."

In this case, however, the tenant had not surrendered the premises or been dispossessed during the term, and there was no difficulty in ascertaining the damage occasioned by the tenant's failure to pay rent, keep the premises in repair, and comply with the requirements of the municipal departments; so that the defendant must be deemed to have held the deposit as security for the performance by plaintiff of the obligations imposed upon him by the lease. It is true that the parties stipulated that the $1,000 should be liquidated damages in the event of "any breach"; but in that particular respect the agreement must be construed as providing for a penalty. Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58.

Plaintiff testified that he "allowed" $25 for the violations, but gave no competent evidence tending to show the cost of removing the violations from the property. The theory of the action being that plaintiff was entitled to recover the difference between the amount of the deposit and the sums chargeable against the same by reason of the conceded breaches of the covenants in the lease, including the covenant

to remove all violations, it follows, from plaintiff's failure to introduce evidence showing what it would cost to comply with the requirements of the tenement house department, that no cause of action was proven against the defendant, and the landlord's motion to dismiss the complaint, made at the close of the plaintiff's case, should have been granted.

The defendant introduced testimony to establish the cost of complying with the requirements of the tenement house department; but the amount of the recovery shows that the jury virtually ignored defendant's proof in that respect, and the verdict for the sum awarded was clearly against the weight of the evidence.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.

WHITAKER, J., concurs.   COHALAN, J., concurs in result.