MARY E. MANN, Respondent, *v.* QUINTARD TAYLOR and MARJORIE TAYLOR, Appellants.

Second Department, January 22, 1940.

*Harold L. Haskin,* for the appellants.

*C. H. Tunnicliffe Jones,* for the respondent.

PER CURIAM. Action on a written lease to recover unpaid rent.

The essential facts were undisputed. Whether or not there was an acceptance of a surrender of the premises was at best, so far as the appellants were concerned, a question of fact for the jury. (*Levitt* v. *Zindler,* 136 App. Div. 695; *Tootle Theatre Co.* v. *Shubert Theatrical Co.,* 175 id. 530.) The evidence was ample to justify a finding that there had been no acceptance. It may well be that as a matter of law there was no acceptance.

The provisions respecting the deposit of $450 did not constitute that sum liquidated damages. The real damages in the event of a breach could be readily ascertained and computed. The deposit, therefore, of that sum was merely as security. (*Emsheimer* v. *Thorner,* 83 Misc. 432; *Caesar* v. *Rubinson,* 174 N. Y. 492; *Stimpson* v. *Minsker Realty Co.,* 177 App. Div. 536.)

The judgment for the plaintiff should be affirmed, with costs.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Judgment of the County Court of Nassau county unanimously affirmed, with costs.