CELIA THAW et al., Respondents, v. MORRIS SCHWARTZ et al., Appellants, et al., Defendants.— In an action to cancel a deed and a purchase-money mortgage, and for other relief, on the ground that appellants, before the contract of sale was executed, made false representations as to the manner in which and the time when tenants paid rent, and as to the maintenance intact of securities deposited under leases, appellants appeal from a judgment entered in favor of plaintiffs. Judgment affirmed, with costs. No opinion. Johnston, Acting P. J., Adel and Sneed, JJ., concur; MacCrate, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The finding in the opinion of the Trial Justice that the leases had been amended or modified was not warranted by the evidence. The application of part of the security, with the consent of the tenants, to part payment of the rent for March, 1950, did not constitute a modification of the leases. Such application was the exercise of a right which the appellants possessed under the leases. (Cf. *Caesar* v. *Rubinson,* 174 N. Y. 492, 497.) Furthermore, the record does not support the finding that there was misrepresentation as to the payment of rent by four tenants in March, 1950. There is no evidence that any provision of the mortgage delivered to the East River Savings Bank authorized the bank to declare the mortgage debt due by reason of the acceptance of rent for a month in the preceding month. The consolidation agreement was executed subsequent to the execution of the contract of sale and could not, therefore, have been seen by respondent Thaw before the execution of that contract. The consolidation agreement is dated subsequent to the date when the June rents were payable. The prepayment prohibited by the consolidation agreement related to rents to become due in months subsequent to its execution. Therefore, the finding in the opinion that the mortgagee could declare the full amount due because of the payment of the June rent in May cannot be sustained. The evidence as to the acts of the appellants, immediately following the execution of the contract of sale and up to the closing of title, was properly received in view of the claimed misrepresentation as to the number of tenants who had, up to the execution of the contract, paid the May rent. Whether such mis-

representation was made and whether, if made, it induced the respondent Thaw to execute the contract of sale, were matters for determination by the trial judge. The opinion contains no finding that there was such misrepresentation. The general finding of fraud does not disclose what alleged representations were found to be false. The evidence as to the rental receipts after the closing of title, while competent to guide a court of equity in determining whether rescission should be granted was not proof of " premeditated fraud ". There was no claim that the appellants made representations as to the financial ability of the tenants. Wenzel, J., not voting.