Clare J. Hoyt, J.
On May 31,1960 defendant M. C. J. Homes Corporation executed and delivered its bond or obligation and mortgage in the amount of $100,000 covering property in the Town of Tuxedo, Orange County, New York, to plaintiff. This mortgage bore interest at 6% per annum, with $10,000 payable on the principal on April 14, 1961 with the balance of principal payable on April 14,1962.
This mortgage contained a provision that upon the failure of the mortgagor to pay the entire indebtedness on the due date that the mortgagor should pay to the mortgagee as liquidated damages a sum equal to 25% of any remaining unpaid balance, which payment was to be made in addition to all other payments on the mortgage for which the mortgagor might be liable.
On April 11, 1962 Old Furnace Development Corporation, having acquired the premises from defendant M. C. J. Homes Corporation, mortgaged the premises to plaintiff to secure an indebtedness of $18,000 with interest at 6% per annum, with the principal due and payable on April 14, 1964. This mortgage contained a penalty clause similar to that contained in the first mortgage and recited that it was .subject to the first mortgage upon which a balance of $72,000 remained unpaid. Plaintiff and defendant Old Furnace Development Corporation on the same date entered into a consolidation and extension agreement, reciting the two mortgages with a balance of $90,000 with interest *553 at 6% per annum, which agreement provided that the mortgagor pay $9,000 on April 14,1964.
Plaintiff has commenced an action to foreclose the consolidated mortgages and alleges the defendants Old Furnace Development Corporation and M. C. J. Homes Corporation to be in default in failing to pay the principal and interest due on April 14, 1964. The amount claimed to be due is the balance on the consolidated mortgages of $81,000 and in addition thereto the sum of $20,250, that being 25% of the principal balance which the plaintiff claims also to be due and covered by the lien of the mortgage by virtue of the afore-mentioned liquidated damages clauses.
Plaintiff now moves for summary judgment. The only issues raised by the answers and the opposing ‘affidavits are: (1) the validity of plaintiff’s claim that there is due on the mortgage, in addition to the agreed principal balance of $81,000, the sum of $20,250 which plaintiff claims to be liquidated damages by reason of defendant Old Furnace Development Corporation’s default, and (2) a claim made by defendant Old Furnace Development Corporation that the second mortgage was obtained under “ economic duress ”.
Plaintiff’s motion for summary judgment may be and is granted upon the papers submitted, but not to the extent sought by plaintiff.
Plaintiff’s claim for $20,250 as liquidated damages in addition to the $81,000 balance on the consolidated mortgages cannot be sustained or enforced since it is clearly in the nature of a penalty. From the moving papers it is clear that a bonus of 25% was given to the mortgagee by the mortgagors on both the first and second mortgages. The mortgagee has attempted to hold the defendants liable for an additional 25% of the mortgage debt, the mortgage debt not being what was advanced by the mortgagee but that amount plus a 25% bonus, for a default without any relation to the duration or extent of the default. A default of one day would incur the same added obligation as that incurred by a default of six months. In addition to this 25% charge, the mortgagor is obligated to pay legal interest during the time of default. Provisions for payments of money upon defaults will be treated as liquidated damages and will be enforcible where the sum specified is a genuine pre-estimate by the parties of the extent of the injury that will be caused by a future breach of the contract (5 Corbin, Contracts, § 1059, p. 345). The fact that the parties referred to the additional payment as liquidated damages is unimportant. It is for the court to determine whether it is a provision for *554 liquidated damages or a penalty. For a breach of contract, involving other than the payment of money, the parties may stipulate that the obligor will be liable for an agreed sum by reason of his breach. The sum agreed upon, however, must bear a relationship to the injury suffered by reason of the breach. Where the contract is for the payment of a sum of money, an amount stipulated to be paid for a default in paying the debt is considered a penalty and unenforcible where the amount stipulated exceeds interest at the legal or market rate (5 Corbin, Contracts, § 1065, pp. 373-378; and, see, Caesar v. Rubinson, 174 N. Y. 492). So too will the ‘ ‘ liquidated damages ’ ’ be considered a penalty and unenforcible where, as here, the same reparation is provided for a breach of the contract whether the breach be relatively trivial, a one-day default, or whether it be substantial, a default of several months (see City of New York v. Brooklyn & Manhattan Ferry Co., 238 N. Y. 52; Seidlitz v. Auerbach, 230 N. Y. 167).
In some instances the nature of the transaction and the intention of the parties must be examined to determine whether the obligation is a penalty or liquidated damages (Caesar v. Rubinson, supra) which would entail an examination of the underlying notes, bonds or other obligations of the mortgagors, which are not before the court on this motion. Here, however, the obligation contained in the mortgages is clearly in the nature of a penalty and thus unenforcible.
The defendant Old Furnace Development Corporation’s claim that the second mortgage was obtained under “ economic duress” is not supported by any facts which have been set forth. On a motion for summary judgment a defense merely stated as such without any facts to support it may be disregarded (see Katsoris v. Durham House Inc., 278 App. Div. 608; Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56).
Should a deficiency arise on the sale of the foreclosed premises, plaintiff may move pursuant to section 1371 of the Real Property Actions and Proceedings Law for leave to enter a deficiency judgment upon notice to the party or parties against whom such judgment is sought.
Plaintiff’s motion for summary judgment for the foreclosure of the consolidated mortgages with an unpaid principal balance of $81,000 is thus granted and plaintiff is entitled to an order providing for the appointment of a Referee to compute the amount due plaintiff in accordance with this decision.