FRANCES E. BURHANS and ADELAIDE M. BLACKWELL, Respondents, *v.* CARRIE C. MONIER, Appellant.

*Landlord and tenant — provision for re-entry should the premises become vacant — the removal by the lessee leaving sub-tenants in possession is not covered by such a provision — what action on the part of the landlord entitles the tenant to terminate the lease.*

Where the parties to a lease contemplate that the tenant shall let furnished rooms in the demised premises, the fact that the tenant, intending, as she explains, to use the demised premises for "roomers" only, personally removes therefrom, leaving her sub-tenants in possession, does not amount to a *vacating* of the premises within the meaning of a provision of the lease authorizing the landlord, in case the demised premises, or any part thereof, should become *vacant* during the term, to re-enter and relet the premises for the tenant's account and hold the latter liable for any deficiency.

The wrongful refusal of the landlord to allow the tenant, under such circumstances, to collect rent from her sub-tenants, entitles the tenant to surrender

possession and to terminate her liability under the lease; and the fact that after such wrongful refusal on the part of the landlord, the tenant returns, to one of the sub-tenants, rent received from him, in order that such sub-tenant may pay it to the landlord, is evidence of an abandonment of the premises compelled by the landlord's act, and not a recognition of the landlord's right to resume possession and still hold the tenant liable for a deficiency in the rent.

APPEAL by the defendant, Carrie C. Monier, from a judgment of the County Court of Dutchess county, entered in the office of the clerk of the county of Dutchess on the 1st day of October, 1898, affirming the judgment of a justice of the peace.

*Isaac E. Bingham,* for the appellant.

*Charles F. Cossum,* for the respondents.

WILLARD BARTLETT, J. :

This is an action to recover rent under a written lease whereby the plaintiffs rented to the defendant a house in the city of Poughkeepsie from May 1, 1897, to May 1, 1898, for twenty-five dollars a month payable in advance. In September, 1897, the rent for that month not having been paid, the defendant personally moved to another house in the neighborhood, leaving a number of sub-tenants in occupation of the premises in question. The plaintiffs thereupon refused to allow the defendant to collect any more rent from these sub-tenants, and proceeded to collect all such rent themselves. They have credited to the defendant the aggregate amount thus collected, and taken judgment for the difference between that amount and the rent reserved by the lease. The right to do this is asserted by virtue of a provision in the instrument to the effect that, if the premises or any part thereof should become vacant during the term, the lessors might re-enter and relet the property, applying such rents as they should receive upon such reletting to the payment of the rent due under the lease, which provision also declared that the lessee should remain liable for any deficiency. (*Underhill* v. *Collins*, 132 N. Y. 269.)

The learned county judge was of the opinion that because the defendant abandoned the premises to the plaintiffs, after they had asserted the right to collect the rents from her sub-tenants, they might rightfully re-enter as they did and hold the defendant liable for the deficiency in the rent under this clause of the lease.

It does not seem to us that this is the fair legal import of what the defendant did.

It is practically conceded that both parties contemplated that the tenant should let furnished rooms in the demised premises.

The privilege of reletting on account of the tenant, who should still remain liable for any deficiency in the rent, was to be exercised only in case the premises became vacant. The house was not rendered vacant within the meaning of the lease by the fact that the defendant herself went to live in another house during the term. She explains why she did this, intending to keep "roomers," as she called them, in the plaintiffs' house and use the other house for table boarders. When she moved out, however, the plaintiffs not only refused to allow her to collect the rent from her "roomers," but insisted upon collecting it themselves, thus depriving her wholly of the beneficial use of the leased property. It is true that the defendant, after the plaintiffs had thus virtually taken the house out of her hands, returned to one of these sub-tenants a sum which she had received from him as rent, in order that he might pay it over to the plaintiffs, and this act on her part was regarded in the court below as evidence of an abandonment of the premises which recognized the right of the landlord to resume possession and yet, nevertheless, hold the defendant for the rent. We look upon it quite differently. By declining to permit the defendant any longer to collect the rents from her sub-tenants the plaintiffs had wrongfully deprived her of her enjoyment of the demised premises; and after they had done this, she was at liberty to give up all possession or claim to possession, and certainly thus limit the plaintiffs' claim against her to the amount then actually due for rent under the lease. While, therefore, it is true that the repayment of the rent by the defendant to the sub-tenant was evidence of an abandonment of the premises on her part, it was evidence only of an abandonment which had been compelled by the landlord's acts. In this view the tenant is to be regarded as having been virtually expelled from the demised property and hence as being relieved from any obligation to pay subsequently accruing rent therefor. (*Edgerton* v. *Page,* 20 N. Y. 281, 283, 284.)

For these reasons we think that the recovery against the defendant should have been limited to the amount which was due from

her for rent at the time when the plaintiffs assumed to prevent her from making any further collections from her sub-tenants, and we are, therefore, constrained to reverse the judgments under review.

All concurred.

Judgments of the County Court of Dutchess county and of the justice of the peace reversed, with costs.