## COMPTON v. COMPTON.

(Supreme Court, Appellate Division, First Department.    May 15, 1908.)

1. DIVORCE—ALIMONY—ENFORCEMENT OF ORDER—DEMAND.
    A demand for the amount due as alimony is a prerequisite to an order adjudging the husband in contempt for failure to pay the same.

2. SAME—DEFENSES—POVERTY.
    A plea of poverty is no answer to an application for an order adjudging the husband in contempt for failure to pay alimony.

Appeal from Special Term.

Divorce by Melissa W. Compton against Charles K. Compton. From an order denying a motion for an order adjudging Charles K. Compton in contempt for failure to pay alimony, Melissa W. Compton appeals. Affirmed.

See 111 App. Div. 923, 97 N. Y. Supp. 618.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

A. Caruthers, for appellant.
J. F. Cryer, for respondent.

PER CURIAM.  The papers show no demand for the amount due for alimony, the payment of which is sought to be enforced in this proceeding.  If there had been a proper demand for the amount due, the motion should have been granted, as the defendant's plea of poverty is no answer to the application.

As the case stands, however, the order must be affirmed, but without costs.

---

## FRANCESCHINI v. CHAUCER et al.

(Supreme Court, Appellate Term.    May 15, 1908.)

1. LANDLORD AND TENANT—DISPOSSESSION—TERMINATION OF LEASE—WAIVER.
    The effect of Code Civ. Proc. § 2253, under which the issuance of a warrant of dispossession terminates the lease, and releases the tenant from further liability other than for rent accrued prior to the issuance of the warrant, may be waived.

2. SAME—LEASE—OPERATION—LIQUIDATED DAMAGES FOR BREACH—VALIDITY AND EFFECT OF PROVISION.
    A lease recited that the tenant had deposited $800 as security, to be retained as liquidated damages for failure to comply with the terms of the lease.  The deposit was not to be applied on any rent which might be due, and, in case of an eviction, the sum should be retained by the landlords as fixed and liquidated damages.  The tenant failed to pay the rent for a certain month, and was dispossessed.  The lease was for five years at the annual rental of $4,800, payable in monthly installments. Held, that the deposit was not an unreasonable sum for liquidated damages, and that the evicted tenant could not recover any portion thereof.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 745.]

Appeal from City Court of New York, Trial Term.

Action by Giuseppe Franceschini against Isaac Chaucer and others.  From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Following is the opinion of Wadhams, J., delivered in the court below:

It is well settled that under the statute (section 2253 of the Code of Civil Procedure) "the issuance of a warrant of dispossess terminates the lease and releases the tenant from further liability except for such rent as shall have accrued prior to the issuance of the warrant." This, however, is a statutory provision which may be waived. The case of Michaels v. Fishel, which is the leading authority on the point that the statute, by virtue of section 2253 terminates the lease, also holds it is entirely competent for the parties to a contract with the view of reserving the liability on the part of the tenant. This case was affirmed in 169 N. Y. 381, 62 N. E. 425. There are a number of other cases which have laid down the rule that the parties may waive the provisions of the Code. Among them is the early case of Hall v. Gould, 13 N. Y. 127; and which has been constantly followed and is cited with approval as late as McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208, and Anzolone v. Paskhusz, 96 App. Div. 188, 89 N. Y. Supp. 203.

Under the lease in evidence the premises were rented for a term of five years at the rate of $4,800 per year in equal monthly installments of $400. By the twelfth paragraph of the lease it is provided: "The said tenant does hereby deposit with the landlords the sum of $800 as security for the faithful performance on his part of all the terms, covenants and conditions of this lease. Said sum to be returned to said tenant at the expiration of the term herein demised, said deposit to bear three and a half per cent. interest, payable annually, provided however that said tenant shall have fully complied with all the terms, covenants and conditions of this lease; otherwise said sum is to be retained by the said landlords or their assigns as fixed and liquidated damages; it being expressly understood and agreed that same shall not be applied to any month's rent which may be due, and in case the tenant is evicted for nonpayment of rent and this lease thereby terminated, said sum shall, notwithstanding, be retained and belong to said landlords as fixed and liquidated damages." It appears by the proof that the lease was terminated under the provisions of the Code. The terms of the lease provide that upon such termination the sum deposited, $800, shall notwithstanding be retained and belong to said landlords as fixed and liquidated damages. The courts have been most liberal in the construction of leases, and in the case cited by the plaintiff of Wolf v. Dembosky, 48 Misc. Rep. 383, 95 N. Y. Supp. 559, Mr. Justice Scott construed the lease which contained similar language, but, however, provided that a violation of the terms of the lease was only to apply by reason of an act before the period of the termination of the lease itself. In that case there was a hold over and the justice held without ruling as to what the construction would be in the case of nonpayment during the term, that the express language there of the lease had reference merely to a violation during the term, and did not apply to a hold over.

In the case of Curtis v. Van Bergh, 161 N. Y., at page 52, 55 N. E., at page 400 Mr. Justice Vann for the court says, after citing authorities: "These authorities show that the courts have struggled hard against the apparent intention of the parties in order to relieve the one in default from an imprudent bargain. It is, however, the law of this state as settled by this court that, where the language used is clear and explicit to that effect, the amount is to be deemed liquidated damages, and the actual damages contemplated at the time the agreement was made are in their nature uncertain and unascertainable with exactness and may be dependent upon facts and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss." It appears to me that the language here is explicit. It admits of no other construction, other than that the sum of $800 should be retained, even though there was a termination of the lease by reason of an eviction for nonpayment of rent. "In case the tenant is evicted for nonpayment of rent and this lease thereby terminated, the said sum shall notwithstanding be retained and belong to said landlords as fixed and liquidated damages."

In view of the fact that this lease was for five years at the yearly rental of $4,800, the circumstances here do not show that the sum is unconscionable or unreasonable as a deposit for such a lease for such a term as security

for the faithful performance of the tenant; and, in view of that fact, it must be held that the sum of $800 was not an improper sum as liquidated damages which the landlords sustained by reason of the failure of the tenant to continue under his lease for the balance of the five years, and he did so fail to continue, and he failed to pay the rent for February, and upon failure to pay the rent was dispossessed by the landlord. It follows as contemplated by the parties that the sum agreed upon between them should be the amount of damages; and that, being so, it necessarily follows that the plaintiff was not entitled to recover back any part of such sum.

A motion to dismiss is therefore granted, and a motion to dismiss the counterclaim would naturally follow unless it be withdrawn.

Defendants' Counsel: I do not claim any damage affirmatively.

Plaintiff excepts.

The Court: The action having become a matter of law, there is no question of fact for the jury to determine and they are discharged.

Ten days' stay and 30 days to make and serve a case allowed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH, and GREENBAUM, JJ.

Stanislaus N. Tuckman, for appellant.
Nicholas Aleinikoff, for respondents.

PER CURIAM. For the reasons stated by the learned trial judge in the opinion delivered in the court below the judgment should be affirmed, with costs.

---

## WALAR et al. v. RECHNITZ.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. TRIAL—EXCEPTIONS—TIME.

Code Civ. Proc. § 992, declares that an exception may be taken to the ruling of the court on the questions of law, and that, except as prescribed in section 1180, an exception cannot be taken to a ruling on a question of fact, and for the purposes of the article a trial by jury is regarded as continuing until a verdict is rendered. *Held*, that an exception to the court's refusal to permit a verdict on the theory of a quantum meruit was in time, though it was first taken after the jury returned into court with a sealed verdict.

2. PLEADING—COMPLAINT—CONSTRUCTION.

Where plaintiffs complained that they, at the special instance and request of the defendant, in altering certain buildings in the city of New York, borough of Brooklyn, including other work, furnished materials for which defendant promised and agreed to pay plaintiffs the reasonable sum of $1,125.49, the complaint was sustainable either on the theory of express contract or quantum meruit.

3. SAME—ELECTION—POWER TO COMPEL.

Where a complaint was sustainable either on the theory of express contract or quantum meruit, the court could not compel plaintiffs to elect on which theory they would proceed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1199.]

4. SAME—ELECTION—EFFECT.

Where plaintiffs voluntarily elected to treat their complaint as a suit on an express contract, and not on a quantum meruit, and continued to adhere to such election up to the time the jury retired, they could not thereafter disavow their theory in order to take an exception to the previous refusal to submit the case to the jury on the theory of quantum meruit.