(78 Misc. Rep. 259.)

FEINSOT et al. v. BURSTEIN.

(Supreme Court, Appellate Term, First Department. November 12, 1912.)

1. DAMAGES (§ 78*)—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION AND OPERATION.

    Parties may agree that, in case of a breach of covenant, a certain sum shall be fixed in advance as damages for that breach, and, if they actually agree that the sum to be paid on a breach represents an estimate of the damages sustained, the party in default must pay such damages,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

even though the agreement uses words such as "forfeit" or "penalty", and even if the parties in their agreement use words such as "liquidated damages," the courts will regard the clause for the payment of a fixed sum upon the happening of a breach as a penalty or forfeiture, if it appears that the parties did in fact regard the sum fixed as a penalty, and not as an estimate of probable damages fixed in advance.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157–163; Dec. Dig. § 78.*]

2. DAMAGES (§ 77*)—LIQUIDATED DAMAGES OR PENALTIES—INTENT.

In determining whether a sum agreed upon is in fact a penalty or liquidated damages, the court must consider the actual intention of the parties, so far as it can reasonably be ascertained from the language of the contract and from the surrounding circumstances; and where it has before it only an agreement of lease, which is susceptible of an interpretation that the parties, though using the term "liquidated damages," actually intended a penalty, the plaintiff must be allowed to prove at the trial that the contract actually provided for a penalty.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 156; Dec. Dig. § 77.*]

3. DAMAGES (§§ 79, 80*)—"LIQUIDATED DAMAGES" OR "PENALTIES"—PROPORTION OF STIPULATED SUM TO POSSIBLE DAMAGES.

A clause for liquidated damages must be construed as a penalty, if the damages upon a breach are capable of exact computation, or if the so-called liquidated damages are out of all proportion to possible damages; and hence, where a party agrees to pay a definite sum in damages for his failure to pay rent, such sum cannot be regarded as "liquidated damages," since, where a larger sum is to be paid in default of paying a smaller sum agreed to be paid by the same instrument, the larger sum is a "penalty," although the instrument denominates it "liquidated damages."

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169, 170–175; Dec. Dig. §§ 79, 80.*

For other definitions, see Words and Phrases, vol. 5, pp. 4175–4179; vol. 6, pp. 5272–5276; vol. 8, p. 7750.]

4. LANDLORD AND TENANT (§ 313*)—SUMMARY PROCEEDINGS—RIGHTS OF PARTIES.

Although proceedings under the statute regulating summary proceedings terminate the lease and all obligations existing thereunder, it is competent for the parties to agree that certain obligations may continue thereafter.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1326; Dec. Dig. § 313.*]

5. DAMAGES (§ 77*)—LIQUIDATED DAMAGES OR PENALTIES—CONSTRUCTION.

In construing the intention of parties to an agreement of lease, naming a certain sum as liquidated damages for breach, the intention of the parties must be determined from the language of the whole lease and all the surrounding circumstances.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 156; Dec. Dig. § 77.*]

6. DAMAGES (§ 81*)—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION OF STIPULATIONS—LEASE.

A lease provided that the tenant's deposit of $2,000 should be security for the faithful performance of all the covenants of the lease, and that in case of a breach, or in case the landlord should bring summary proceedings, he should have the right to retain the deposit as liquidated damages, and that upon the commencement of such proceedings the lease should be at an end, without making the tenant liable for any rent or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other payment thereafter. *Held*, that the deposit could not be retained as liquidated damages in the event of the dispossession of the tenant.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

Appeal from City Court of New York, Special Term.

Action by Morris Feinsot and another against Maurice J. Burstein. From an order denying plaintiffs' motion for judgment on the pleadings, and granting the defendant's motion for judgment on the pleadings, plaintiffs appeal. Order reversed with respect to a demurrer interposed to the first cause of action, and plaintiffs' motion for judgment on the pleadings granted with respect to that cause of action, and defendant's counter motion with respect thereto denied, with leave to the defendant to answer upon payment of costs.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Herman B. Goodstein, of New York City (A. J. Keogh, of New York City, of counsel), for appellants.

Charles Burstein, of Brooklyn, for respondent.

LEHMAN, J. The complaint alleges the lease of premises in a building, the deposit of $2,000 under a clause of the lease which not only provided that this deposit shall be security for the faithful performance of all the covenants of the lease, and shall be retained as liquidated damages in case of a breach, but also that, in case the landlord shall bring summary proceedings, he shall nevertheless have the right to retain the said sum of $2,000 as liquidated damages. The complaint alleges, further, that in February the plaintiffs paid the landlord $625 on account, leaving $325 due for the February rent, and that the plaintiffs were dispossessed in summary proceedings for the nonpayment of this sum. It further alleges that the terms of the contract under which the sum deposited was to be retained as liquidated damages amounted to a forfeiture and penalty. The defendant demurred to this cause of action, and the demurrer was sustained.

[1] The sole question which we have to consider is whether, on the face of the contract, it conclusively appears that the sum deposited is in fact liquidated damages, and not a penalty. It is, of course, well established that parties have a right to agree that, in case of a breach of covenant, a certain sum shall be fixed in advance as the damages for that breach. If they have actually agreed that the sum to be paid on a breach represents an estimate of the damages sustained, the party in default must pay these damages, even though the agreement uses words such as "forfeit" or "penalty." On the other hand, though the parties, in their agreement, have used words such as "liquidated damages," the courts will regard the clause for the payment of a fixed sum upon the happening of a breach as a penalty or forfeiture, if it appears that the parties did, in fact, regard the sum fixed as a penalty, and not as an estimate of probable damages fixed in advance.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] In determining whether or not a sum agreed, upon is in fact a penalty or liquidated damages, the courts must consider "the actual intention of the parties, so far as it can reasonably and fairly be ascertained from the language of the contract and from the nature of the surrounding circumstances of the case." .Little v. Banks, 85 N. Y. 258. In this case, we have before us only the agreement of lease, and if that agreement is susceptible of any interpretation that the parties, though using the term "liquidated damages," actually intended a penalty, then the complaint is not open to demurrer, and the plaintiffs must be allowed to prove at the trial those surrounding circumstances which may show to the court that the contract actually provided for a penalty. In this respect the case differs from all the cases cited by the parties to this appeal, where the court had before it, not only the agreement, but all these surrounding circumstances. If this contract provided merely for the retention of the sum deposited as liquidated damages for a breach of covenant, then our task would be easy.

[3] A clause for liquidated damages must be construed as a penalty, if the damages upon a breach are capable of exact computation, or if the so-called liquidated damages are out of all proportion to possible damages; in other words, the parties cannot, by agreement, fix a sum as liquidated damages, when, under no possible circumstances, could the sum fixed represent an estimate of possible damages. Consequently, where a party agrees to pay a definite sum as damages for his failure to pay rent, the sum fixed cannot be regarded as liquidated damages, for "it is fully settled that, where a large sum is to be paid in default of paying a smaller sum agreed to be paid by the same instrument, then the larger sum is a penalty, although the instrument denominates it liquidated damages." Lampman v. Cochran, 16 N. Y. 275. The Court of Appeals, in the cases of Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358, Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58, merely applied this rule when they held that, after a landlord evicted a tenant by summary proceedings, he could not retain a deposit, though the terms of the lease stated that he had a right to retain the deposit in case of a breach of the covenants. The damages for the breach were the amount unpaid at the time the summary proceedings were had. These damages were absolutely fixed by the lease, and no other damages accrued after the summary proceedings, for these proceedings had terminated the lease.

[4] It must be remembered, however, that although, under the statute regulating summary proceedings, these proceedings terminate the lease and all obligations existing thereunder, it is competent for the parties to agree that certain obligations may continue thereafter.

"While it was within their power to agree that the lessee should continue to pay rent after the premises had been taken away from him owing to his default, still a' covenant to pay with no right to enjoy should be clear and unambiguous as to the event which calls it into action." Michaels v. Fishel, 169 N. Y. 381, at page 390, 62 N. E. 425, at page 427.

Applying this rule, the courts have repeatedly held valid provisions for liquidated damages upon an eviction by summary proceedings,

where it was shown that the parties contemplated that the amount fixed was a reasonable estimate of the damages which might accrue if it became necessary to terminate the lease for the tenant's failure to comply with its terms.

An excellent example of the application of this rule is to be found in the case of Peabody v. Richard Realty Co., 69 Misc. Rep. 582, 125 N. Y. Supp. 349. In that case the lessee gave the lessor a surety company bond conditioned for the payment of the sum of $10,000 as liquidated damages in case the lessor should dispossess the lessee. The fact that the surety company gave a bond expressly conditioned for payment upon a dispossession of the tenant shows clearly and unambiguously that the parties contemplated a distinct liability to accrue upon and survive the termination of summary proceedings. When it was further shown that this sum to be paid was in reasonable proportion to the probable damages caused by the termination of the lease, the court was bound to enforce the provision for liquidated damages, or to disregard the clear intent of the parties.

In the case of Lesser v. Stein, 39 Misc. Rep. 349, 79 N. Y. Supp. 849, the parties had also clearly and unambiguously provided that "the sum deposited shall be retained by the lessor as liquidated damages for said lessee's breach *and her necessity to re-enter or resume possession of said premises,* whether by due process of law or upon voluntary surrender thereof," and in that case also the court gave effect to the provision for liquidated damages. In the cases of Longobardi v. Yuliano, 33 Misc. Rep. 472, 67 N. Y. Supp. 902, Franceschini v. Chaucer (Sup.) 110 N. Y. Supp. 775, and Slater v. Bonfiglio, 56 Misc. Rep. 385, 106 N. Y. Supp. 861, the court also found that the provision for liquidated damages was clearly intended to apply to the damages caused by the eviction through summary proceedings.

[5, 6] Applying the rules of law established by these decisions to the case before us, I believe that we must hold that the provision as to liquidated damages for the nonpayment of rent cannot be regarded as showing any intent by the parties that the amount fixed is actually to be regarded as liquidated damages, and the sole question to be considered by us is whether the provision for the retention of the deposit, in the event that the tenant is dispossessed, may be regarded as liquidated damages.

While the language used in the leases in some of the cases cited is somewhat similar to that used in the clause of the lease under consideration, the intention of the parties must be determined from the language of the whole lease and all the surrounding circumstances, so that no construction of an isolated clause in a lease in another case can be conclusive of the intention of the parties in this case. In the lease before us, the parties did not agree that the tenant should continue to be liable for any rent or other payment after summary proceedings, but, on the contrary, provided that, upon the commencement of summary proceedings, the lease shall be at an end; nor did they unequivocally provide that the sum deposited shall be liquidated damages for the termination of the lease. On the contrary, the terms of the clause, read in connection with the other terms of the lease, point

rather to the view that the deposit should be retained only as damages for the previous breach of the covenant to pay rent, *in spite of* the termination of the lease, and *not because* of the termination of the lease.

It follows that the demurrer to the first cause of action should be overruled, and that the order appealed from should be reversed with respect to the demurrer interposed to the first cause of action, with $10 costs and disbursements to appellant, and that plaintiffs' motion for judgment on the pleadings should be granted with respect to the first cause of action, and the defendant's counter motion with respect thereto denied, with leave to the defendant to answer upon payment of costs to date.

Settle order on notice.

PAGE, J., concurs. HOTCHKISS, J., concurs in result.