### FEYER v. REISS.

(Supreme Court, Appellate Division, Second Department.    December 30, 1912.)

1. DAMAGES (§ 81*)—LIQUIDATED DAMAGES OR PENALTY—DEPOSIT BY LESSEE.
    A deposit with lessor by lessee, equal to two months' rent, required by a lease, for three years, of premises occupied by 60 families, rent to be paid semimonthly, all repairs to be made by the lessee, and premises to be surrendered in good condition, will, as expressly provided by the lease, be deemed liquidated damages on the lessee surrendering or being dispossessed before expiration of the term.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

2. LANDLORD AND TENANT (§ 184*)—DISPOSSESSION OF LESSEES—PROVISION FOR LIQUIDATED DAMAGES.
    Proceedings by lessor for dispossession of lessee for nonpayment of an installment of rent do not affect the covenant of the lease by which it is provided that a deposit by lessee with lessor shall belong to the lessor as liquidated damages, if the lessee surrenders or is dispossessed before expiration of the lease.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Trial Term, Kings County.

Action by Celia Feyer against Max Reiss. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

David T. Smith, of Brooklyn, for appellant.
Jacob W. Kahn, of Brooklyn, for respondent.

JENKS, P. J. The lease contained inter alia a provision whereby the lessees agreed as security for their faithful performance to deposit $1,316 with the lessor. In accord with the terms thereof $800 was paid immediately, and the balance was paid in certain monthly installments. The term began on August 1, 1911, but the lessees were dispossessed for nonpayment of an installment of rent due on December 10, 1911. This action is brought by the assignee of the lessees to recover $1,100 of the said deposit, upon the theory that only one-half of the monthly rent, namely, $329.16, was due at the time

the precept for dispossession was issued, and that the said deposit was not liquidated damages. The parties stipulated at the trial that the court could take a special verdict upon two issues of fact, and could thereafter decide the question of law. The court received a verdict against the plaintiff, and thereafter dismissed the complaint on the merits. The plaintiff appeals from the judgment entered upon such dismissal.

[1] The learned counsel for the appellant contends for reversal of the judgment upon the "broad principle" of Cæsar v. Rubinson, 174 N. Y. 492, 67 N. E. 58. That case decides that the description of such a deposit as liquidated damages does not necessarily control, but that:

"The character of the deposit, whether liquidated damages or a penalty, depends upon the intention of the parties as disclosed by the situation and by the terms of the instrument."

And the court further says that it will determine that a provision in such a contract as is considered in the case at bar is for liquidated damages only when from the nature of the transaction the actual damages cannot be accurately measured, or when the specified sum is not disproportionate to any possible damages incident to a breach of the contract. In United States v. Bethlehem Steel Co., 205 U. S. at 119, 27 Sup. Ct. 455, 51 L. Ed. 731, the court say:

"The courts at one time seemed to be quite strong in their views, and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently the courts became more tolerant of such provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. This whole subject is reviewed in Sun Printing & Publishing Association v. Moore, 183 U. S. 642, 669 [22 Sup. Ct. 240, 46 L. Ed. 366], where a large number of authorities upon this subject are referred to. The principle decided in that case is much like the contention of the government herein. The question always is, What did the parties intend by the language used? When such intention is ascertained, it is ordinarily the duty of the court to carry it out. See, also, Clement v. Cash, 21 N. Y. 253, 257; Little v. Banks, 85 N. Y. 258, 266."

The contract in this case provided as follows:

"It being expressly understood and agreed that if the lessees surrender the said premises or are dispossessed therefrom prior to the expiration of this lease in 1914, then and in that event the said eight hundred ($800) dollars, together with any subsequent installments which shall be paid by the lessees as hereinbefore provided, shall belong to the lessor as liquidated and stipulated damages, and the parties hereto agree to stipulate such deposit as liquidated damages because they cannot ascertain the exact amount of damage which the lessor would sustain in the event of any breach or violation hereunder."

The "situation" disclosed that the premises consisted of eight brick tenement houses; that seven housed eight families each, and one four families; that the lease was for three years at an annual rental of nearly $8,000; that the lease required the lessee to make all repairs inside and out, and to surrender the premises in good condition save

ordinary wear and tear; and that the amount of the deposit was equal to two months' rent. Thus the lessor was assured of a rental for his tenement property for three years, freed from the care of renting the premises, which housed 60 different tenants, and relieved from the expense of keeping the premises in repair. The rent was not payable in advance, but in semimonthly installments. For aught that appears, there was the possibility that the premises might be cast upon the lessor's hands at any time out, of repair and without the assurance that they would be then remunerative by actual tenancies. "The terms of the instrument" disclose that the intention of the parties was that this deposit was for liquidated damages. We have not only the formal expression "liquidated damages," but the affirmative provision in amplification and explanation that the parties have agreed that the deposit is liquidated damages "because they cannot ascertain the exact amount of damage which the lessor would sustain in the event of any breach or violation hereunder." I find no excessive disproportion between the deposit and the possible damages, "apparent on the face of the contract," to quote the language of White, J., in Sun Printing & Publishing Association v. Moore, 183 U. S. 672, 22 Sup. Ct. 240, 46 L. Ed. 366. So far as an accurate measurement of damages is concerned, we have the formal declaration of the parties that the exact amount cannot be measured, and, this, while not conclusive, has some probative force. See Sun Printing & Publishing Association v. Moore, supra. Moreover, I have indicated some of the possible elements of damage which in their nature are not susceptible of accurate measurement; and there was no proof, direct or inferential, to the contrary.

[2] The proceedings for dispossession did not affect the covenants under which the defendant alleged the right of retention of the deposit as liquidated damages. Michaels v. Fishel, 169 N. Y. at 387, 62 N. E. 425, citing Hall v. Gould, 13 N. Y. 127–134. See, also, Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203.

The judgment is affirmed, with costs. All concur.