FEINSOT et al. v. BURSTEIN.

(City Court of New York, Trial Term. April, 1913.)

1. DAMAGES (§ 78*)—LIQUIDATED DAMAGES OR PENALTIES—DEPOSIT BY LESSEE.

A lease of a 7-story brick tenement house containing 48 apartments and 10 basement stores for 4 years at $12,000 per annum, provided that on default in the payment of rent the landlord might bring summary proceedings, whereupon the lease should end, and contained the lessee's covenants to pay the plate glass insurance, to make all repairs, to comply with all orders of the board of fire underwriters, to pay any increase of water rents, to comply at his own expense with all the regulations, orders, etc., of the tenement house or other department, and provided that on default in any of the covenants the landlord might terminate the lease, and might institute summary proceedings against the lessee, and recited that the lessee had deposited $2,000 as security for the faithful performance of all the covenants and conditions on his part, and that upon breach thereof, or dispossession by summary proceedings, such amount should be retained by the lessor as liquidated damages. *Held*, in view of the probability of damage to the lessor by reason of having the premises cast upon his hands when they should be unremunerative, owing to vacancies therein, which damages could not be accurately measured, that it was the intention of the parties to fix the amount of the security as liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169; Dec. Dig. § 78.*]

2. DAMAGES (§ 80*)—LIQUIDATED DAMAGES AND PENALTIES—PROPORTION OF AMOUNT STIPULATED TO ACTUAL DAMAGES.

Where the actual damages from the lessee's breach of his covenants, and from his dispossession by summary proceedings, might be greater than the $2,000 security provided by the lease, it cannot be said that that amount is unreasonable or disproportionate as liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. § 80.*]

Action by Morris Feinsot and another against Maurice J. Burstein. On motion by defendant at the close of the evidence to dismiss the complaint as matter of law. Motion granted.

See, also, 78 Misc. Rep. 259, 138 N. Y. Supp. 185.

Charles Burstein, of Brooklyn, for the motion.
Herman B. Goodstein, of New York City, opposed.

O'DWYER, C. J. When this case was before the Appellate Term that court declared on demurrer:

"In this case we have before us only the agreement of lease, and if that agreement is susceptible of any interpretation that the parties, though using the term 'liquidated damages,' actually intended a penalty, then the complaint is not open to demurrer, and the plaintiffs must be allowed to prove at the trial those surrounding circumstances which may show to the court that the contract actually provided for a penalty. In this respect the case differs from all the cases cited by the parties to this appeal, where the court had before it, not only the agreement, but all these surrounding circumstances." 78 Misc. Rep. 261, 138 N. Y. Supp. 188.

It is true other expressions are to be found in the opinion, viz.:

"I believe that we must hold that the provision as to liquidated damages for the nonpayment of rent cannot be regarded as showing any intent by

the parties that the amount fixed is actually to be regarded as liquidated damages, and the sole question to be considered by us is whether the provision for the retention of the deposit, in the event that the tenant is dispossessed, may be regarded·as liquidated damages."

And:

"In the lease before us the parties did not agree that the tenants should continue to be liable for any rent or other payment after summary proceedings, but, on the contrary, provided that upon the commencement of summary proceedings the lease shall be at an end; nor did they unequivocally provide that the sum deposited shall be liquidated damages for the termination of the lease. On the contrary, the terms of the clause, read in connection with the other terms of the lease, point rather to the view that the deposit should be retained only as damages for the previous breach of the covenant to pay rent, *in spite* of the termination of the lease, and *not because* of the termination of the lease."

But the decision was placed on the ground first above quoted, namely, that the plaintiffs or defendant must be allowed to prove at the trial those surrounding circumstances which may show that the contract actually provided for a penalty or liquidated damages; and that position follows Little v. Banks, 85 N. Y. at page 266, and Cæsar v. Rubinson, 174 N. Y. 492, 67 N. E. 58. The case has now been tried, and in addition to the language employed in the lease the surrounding circumstances have been shown, and the question presented is: What did the parties intend by the language used? When that intention is ascertained it is ordinarily the duty of the court to carry it out. United States v. Bethlehem Steel Co., 205 U. S. at 119, 27 Sup. Ct. 450, 51 L. Ed. 731.

[1] The lease contains the agreement to let the premises in question for a term of four years at $12,000 per annum, payable in monthly installments of $1,000, each of said installments to be paid as follows: $500 on the 5th day and $500 on the 10th day of each and every month in advance. Then follows a provision that in case of nonpayment of any rent the landlord may commence summary proceedings to recover possession of the premises, and thereupon the lease shall end. Then follow covenants on the part of the lessees to make all inside and outside repairs during the continuance of the lease; to comply with all orders, edicts, and specifications of the New York Board of Fire Underwriters; to pay any increase of water rents over that paid the previous year; to execute and comply, at their own cost and expense, with all the rules, ordinances, regulations, orders, and requirements of the tenement house department and the department of health and all other departments and bureaus of the city of New York regarding the use and repairs of said premises; to pay the plate glass insurance in and upon said premises during the entire term of the lease; and then it is declared that:

"This lease is made and accepted on the express condition that in case the parties of the second part shall make default in *any* of the covenants herein contained, then the party of the first part, her heirs or assigns, in her or their option, shall have the right and power of ending and terminating this lease immediately, and be entitled to the immediate possession of the said premises, and to institute summary proceedings against the parties of the second part, or any person or persons in possession as tenants having had due and legal notice to quit and surrender the premises holding over the term."

Then follows this provision for security, *not of the covenant to pay rent alone, but of all the covenants contained,* and fixing the amount deposited as liquidated damages for the breach of any of the covenants:

"The said parties of the second part have deposited with the party of the first part the sum of two thousand ($2,000) dollars in good lawful money of the United States of America, the receipt whereof is hereby acknowledged, as security for the faithful performance of *all* the covenants and conditions of this lease on the part of the parties of the second part, and in case of any breach thereof by said parties of the second part the said amount of money shall be held and retained by the said party of the first part as liquidated damages for said breach. And the parties further agree that in the event that the said parties of the second part shall be dispossessed, on summary proceedings brought to recover possession of said premises and to remove them therefrom, that the said party of the first part shall nevertheless have the right to retain the said sum of two thousand ($2,000) dollars as liquidated damages and not as a penalty."

Here is a lease providing that in case the lessees default with respect to *any* of the covenants the landlord shall have the right of terminating it; that the sum deposited is security for the performance of *all* the covenants; that in case of any breach by the lessees the security deposited shall be held and retained as liquidated damages; and, further, *in case the lessees shall be dispossessed on summary proceedings, that the landlord shall nevertheless have the right to retain said security as liquidated damages and not as a penalty;* and, finally, upon the lessees well and faithfully keeping and performing *all* the covenants and conditions of the lease upon the termination thereof, at the end of the term aforesaid (February 1, 1915), that the security shall be returned to them. There can be little doubt as to what termination was intended when the parties expressed themselves that the $2,000 should be returned if *all* the covenants and conditions are faithfully performed upon the termination of this lease, *"at the end of the term aforesaid,"* which means nothing more than the term of four years from February 1, 1911.

This fact of itself should be sufficient to defeat the plaintiffs' recovery in this action; for, if this interpretation of the language employed be accepted as the correct one, it becomes at once apparent that the plaintiffs brought their action prematurely and that their cause of action will not accrue until February 1, 1915. But I prefer to place the decision of this motion upon the broader ground that the language of the contract and the surrounding circumstances show that the intention of the parties was that in case of breach by the lessees the security deposited should be withheld as liquidated damages and not as a penalty; it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract. The "surrounding circumstances" disclosed that the premises consisted of a 7-story brick tenement house, situate at the corner of Broome and Orchard streets; that there were 48 apartments in the building, 9 stores on the ground floor, 8 of which were rented in connection with basement stores, and one basement store rented separately, making a total of 58 tenants; that the lease was for 4 years at an annual rent of $12,000; that the lease required the lessees to make all repairs,

inside and out; to comply with all orders of the board of fire under-writers; to pay any increase of water rents over that paid the preceding year; to execute and comply, at their own cost and expense, with all rules, ordinances, regulations, orders, and requirements of the tenement house department and the department of health and all other departments and bureaus of the city of New York regarding the use and repairs of said premises; to pay the plate glass insurance in and upon said premises during the entire term of the lease; and to surrender the premises in as good shape and condition as reasonable use and wear thereof permitted, and that the amount of security was equal to two months' rent. Thus the lessor was assured of a rental for his tenement property for 4 years, freed from the care, cost, and liability of running the premises, which housed 58 different tenants, relieved from the expense of keeping the premises in repair, paying the plate glass insurance, or complying with the requirements of the various departments of the city of New York, and from the probability of loss or damage by reason of having the premises cast upon his hands when they would be unremunerative, owing to vacancies therein.

[2] Under the circumstances and the provisions of the lease it is easy to see that the actual damages, in view of their nature, cannot, without considerable difficulty, if at all, be accurately measured; and in view of the facts it is a fair inference that the parties intended to guard against these difficulties by fixing the amount named in the contract as liquidated damages, and that sum is not disproportionate to any possible damages incident to a breach of the contract. In fact, the actual damages may be far greater than the security provided, and therefore it cannot be said that the amount thereof is unreasonable or disproportionate. It seems to me that the cases of United States v. Bethlehem Steel Co., 205 U. S. 119, 27 Sup. Ct. 450, 51 L. Ed. 731, Sun Printing & Pub. Ass'n v. Moore, 183 U. S. 672, 22 Sup. Ct. 240, 46 L. Ed. 366, and Feyer v. Reiss, 154 App. Div. 272, 138 N. Y. Supp. 964, amply sustain the defendant's right to retain the amount deposited as security and declared by the parties to be liquidated damages and not a penalty.

The motion to dismiss the complaint is granted.