(82 Misc. Rep. 429.)

## FEINSOT et al. v. BURSTEIN.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. APPEAL AND ERROR (§ 1099*)—FORMER DECISION—EFFECT.

   Where the court on a previous appeal held that a deposit as security for a lease constituted a penalty instead of liquidated damages, so far as the terms of the lease itself were concerned, but remanded the case for new trial, in order that the surrounding circumstances might be examined to see whether they would affect this view, the determination on the former appeal fixes the status of the security, where no surrounding circumstances material to that point were disclosed on the new trial.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. LANDLORD AND TENANT (§ 184*)—LEASES—COVENANTS.

   Where a lease providing for a deposit as security was abrogated before the expiration of the term by the eviction of the tenants in dispossess proceedings for nonpayment of rent, the security must be considered as held by the landlord upon no condition whatever, except as security for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so much of the rent as was then unpaid; the termination of the lease in the dispossess proceeding ending the contractual relations between the parties.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from City Court of New York, Trial Term.

Action by Morris Feinsot and another against Maurice J. Burstein. From a judgment dismissing the complaint after verdict for plaintiffs (141 N. Y. Supp. 330), plaintiffs appeal. Reversed, and verdict reinstated.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Herman B. Goodstein, of New York City, for appellants.
Charles Burstein, of Brooklyn, for respondent.

BIJUR, J. [1] The only issue involved in this appeal is whether a clause in a lease providing for a deposit of $2,000 as security, and speaking of the same as liquidated damages, shall be construed as constituting such sum liquidated damages in the technical sense of the word, or as a penalty. It was held on a previous appeal to this court (78 Misc. Rep. 259, 138 N. Y. Supp. 185) that, so far as the terms of the lease itself were concerned, the sum was deposited as a penalty, and the court granted a new trial in order that the surrounding circumstances might be examined to ascertain whether their effect would be to modify this view. An examination of the case reveals no surrounding circumstances material to this controversy or otherwise, nor are any pointed out in the brief of respondent, nor in the opinion of the learned trial judge below.

[2] There has been raised for the first time on this appeal a new point, namely, that inasmuch as the lease provides that the landlord shall return the $2,000 "upon the termination of this lease at the end of the term aforesaid," referring to the full term thereof, and as this lease has expired because plaintiff tenants were dispossessed during the term of the lease for nonpayment of rent, this action is premature. It seems to me that a fair construction of the lease limits the application of the clause referred to to the case where the plaintiff remains undisturbed in possession of the premises until the end of the term, and was not intended to limit the rights of the plaintiffs in a contingency such as the one that happened. Indeed, since the lease terminated upon the final order in the dispossess proceedings, the contractual relations of the parties ended under the very terms of this lease, and the $2,000 is held by the defendant upon no condition whatsoever, except as security for so much of the rent as was then unpaid. See Cæsar v. Rubinson, 174 N. Y. 492, 498, 67 N. E. 58; Michaels v. Fishel, 169 N. Y. 381, 391, 62 N. E. 425.

Inasmuch as the judge below wisely permitted the issues of fact to go to the jury, which determined them in favor of plaintiffs, and reserved until after the coming in of the verdict his decision on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

questions of law involved in the motion for a dismissal of the complaint, the judgment is reversed, with costs, and the verdict of the jury reinstated.

Judgment reversed, with costs, and verdict reinstated. All concur.