### HOCHMAN v. BOLLT.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. LANDLORD AND TENANT ⊜⟶184—RENT—DEPOSITS AS SECURITY.

In an action by a dispossessed tenant to recover a sum of money deposited with the landlord as security, counsel fees in the dispossess proceedings and inconvenience by reason of plaintiff having accepted rent in advance from subtenants constituted no legal damages for which the landlord could recover.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊜⟶184.]

2. LANDLORD AND TENANT ⊜⟶184—DEPOSITS AS SECURITY—LIQUIDATED DAMAGES.

Where a tenant deposited the amount of two months' rent with his landlord as security for the performance of the terms, covenants, and conditions of the lease, under agreement that if the tenant surrendered the premises, or was dispossessed therefrom, the deposit should belong to the landlord as liquidated damages, because the parties "cannot ascertain the exact amount of damages" which would be sustained in the event of a breach, the agreement was one for liquidated damages, since it was clearly so intended and was for a reasonable amount.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊜⟶184.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hersh Hochman against Jennie Bollt. From a judgment for plaintiff, defendant appeals. Reversed.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Morris A. Rabinovitch, of New York City, for appellant.

Cohen, Haas & Schimmel, of New York City (Isidore Cohen, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff leased from the defendant for a term of three years a tenement house. The annual rental was the sum of $4,522, payable in equal monthly installments of $376.83. The lease provided that:

> "The party of the second part has this day deposited with the party of the first part the sum of seven hundred and fifty-three and $32/100$ ($753.32) dollars as security for the faithful performances of all terms, covenants, and conditions in the within lease contained; it being expressly understood and agreed that, if the party of the second part surrender said premises or is dispossessed therefrom prior to the expiration of this lease, then and in that event the said sum of seven hundred fifty-three and $32/100$ ($753.32) dollars shall belong to the party of the first part as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages, because they cannot ascertain the exact amount of damages which the party would sustain in the event of any breach or violence hereunder."

About a year after the lease was made the defendant commenced summary proceedings for nonpayment of rent, which resulted in a final order in his favor, and before a warrant of dispossess was issued the plaintiff vacated the leased premises. Thereafter he began this action to recover the amount of his deposit, less the unpaid rent.

[1] The trial justice held that the plaintiff owed the sum of $250 for rent, and that the defendant had been obliged to expend the sum of $105, by reason of plaintiff's failure to keep the premises in repair, and awarded to the plaintiff judgment for the difference between the amount of the deposit and these items of damage. The trial justice properly held that counsel fee in the dispossess proceedings, and inconvenience by reason of the plaintiff having accepted rent in advance from some subtenants, constitute no legal damages for which the defendant can recover. The defendant has appealed from the judgment, mainly on the ground that the deposit was expressly made as liquidated damages if the premises be surrendered or the tenant dispossessed, and that he has a right to retain this deposit regardless of his actual damages.

[2] The parties have by clear language provided that this deposit should be regarded as liquidated damages. Of course, we are not bound by their language if in fact a right to retain this sum upon a breach of the contract would constitute a penalty. Nevertheless it is the duty of the courts to give effect to the intent of the parties, and the clear expression that this sum was to be treated as stipulated damages because the parties "cannot ascertain the exact amount of the damages" must be given due weight. In this respect the case is almost exactly like the case of Feyer v. Reiss, 154 App. Div. 272, 138 N. Y. Supp. 964, where the court held that the deposit of two months' rent could be retained as liquidated damages. I can find nothing in this case which could reasonably lead to the view that the words used

by the parties do not express their actual intent. Where a man owning a tenement house rents it for three years to one tenant for a fixed rental, he naturally expects some benefit from the lease. Where the tenant breaks his lease, so that the landlord is forced to take proceedings to regain possession, payment of past-due rent and damages for failure to keep the covenant to repair is obviously not full compensation for the tenant's breach, for the landlord is thereby deprived of the benefit which he would have received in the future if the lease had continued in full force and effect. The very difficulty, not to say impossibility, of proving such damages, is in itself a good reason for the parties agreeing in advance to fix the amount of such damages. If that amount is not out of proportion to the probable damages upon such breach, the agreement is undoubtedly enforceable. It certainly would seem that the amount of two months' rent to compensate for damages past and prospective is not unreasonable.

The appellant maintains, however, that these views are not in accord with the case of Feinsot v. Burstein, 161 App. Div. 651, 146 N. Y. Supp. 939, affirmed 213 N. Y. 703, 108 N. E. 1093; but a careful reading of the opinion in that case shows that the circumstances and the language of the lease clearly distinguish it. These distinctions are pointed out in my own opinion upon the original appeal in this court, reported in 78 Misc. Rep. 259, 138 N. Y. Supp. 185.

Judgment should be reversed, with costs, and complaint dismissed, with costs. All concur.