STEIGER v. FELDMAN et al.

(Supreme Court, Appellate Term, First Department.    March 20, 1916.)

LANDLORD AND TENANT ⊜⚏237—ACTION FOR RENT AND BREACH OF COVENANT —COUNTERCLAIM.

    A landlord sued for rent and for actual damages resulting from the lessees' breach of their covenant to pay rent, and such breach was established in the case. The lessees counterclaimed for the return of a $500 deposit made to secure performance of their covenants under the lease, which provided that in case of breach the deposit should be treated as stipulated damages. *Held*, that a judgment dismissing the counterclaim would be reversed.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 947; Dec. Dig. ⊜⚏237.]

    Finch, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sarah Steiger against Morris Feldman and another. There was judgment for plaintiff, and from an order denying defendants' motion to set aside the judgment and for a new trial, defendants appeal. Judgment reversed, and new trial ordered for defendants.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Alexander Kahn, of New York City, for appellants.
Jacob Silverstein, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for one month's rent payable in advance on March 15, 1915. The complaint alleges that on March 19th a final order was duly made awarding possession of the premises to the plaintiff for the nonpayment of this rent. The answer, besides denials, sets up a counterclaim for the return of $500 deposit made to secure the performance of the defendants' covenants under the lease. At the trial the plaintiff proved the lease and the nonpayment of rent. The defendants then gave some testimony apparently intended to show an eviction before the rent became due. The defendant, however, has failed to deny the allegation of the complaint that on the 19th day of March, 1915, "a final order was duly made awarding possession of said premises to the plaintiff herein, and a warrant was thereupon issued putting plaintiff into possession, for the defendants' failure to pay rent for the month commencing March 15, 1915, which was due and payable on said date."

⊜⚏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A judgment taken, even by default, in summary proceedings for nonpayment of rent, "is conclusive in an action by the landlord against the tenant to recover the rent on proof of the facts alleged in the affidavit and which are required by the statute to be alleged as the basis of the proceeding, to wit, the tenancy, the occupation by the tenant, the nonpayment of rents due, and the holding over after default in payment." Brown v. Mayer, 66 N. Y. 385; Reich v. Cochran, 151 N. Y. 122, 126, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. Such a judgment, while not conclusive as to the amount of rent due, is conclusive that some rent is due and unpaid. Jarvis v. Driggs, 69 N. Y. 143. See Prince v. Schlesinger, 116 App. Div. 500, at page 502, 101 N. Y. Supp. 1031. It follows that the trial justice was correct in holding that as a matter of law the plaintiff was entitled to recover the rent due on March 15th.

In my opinion, however, the trial justice erred in dismissing the counterclaim without prejudice. The defendants have concededly deposited $500 under the lease, and the plaintiff now holds that sum. The lease contains no covenant on the defendants' part to pay any deficiency in rent after re-entry of the landlord by summary proceedings, or any other covenants which survive after the termination of the lease by summary proceedings. The money can therefore clearly no longer be held as security under the lease. The only question on this branch of the case is whether the money belongs to the plaintiff as liquidated damages. If it does, then the counterclaim must be dismissed on the merits; if it does not, the defendants are entitled to judgment on the counterclaim. The lease provides that:

"The party of the second part has this day deposited with the party of the first part the sum of $500 as security for the faithful performance of all terms, covenants, and conditions in the within lease contained; it being expressly understood and agreed that, if the party of the second part surrenders said premises or is dispossessed therefrom prior to the expiration of this lease, then in that event the said sum of $500 shall belong to the party of the first part as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages, because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder."

The covenant to pay rent has been broken, and has resulted in the defendants being dispossessed from the premises. The exact state of affairs has therefore arisen for which the parties have agreed that stipulated damages should be paid. Such an agreement will, in a proper case, be enforced. See Feinsot v. Burstein, 78 Misc. Rep. 259, 138 N. Y. Supp. 185; Id., 161 App. Div. 651, 146 N. Y. Supp. 939; Peabody v. Richard Realty Co., 69 Misc. Rep. 582, 125 N. Y. Supp. 349, affirmed 207 N. Y. 642, 100 N. E. 1131; and especially Feyer v. Reiss, 154 App. Div. 272, 138 N. Y. Supp. 964. Inasmuch as the defendants have expressly agreed that the sum of $500 shall be retained as liquidated damages in the event that they are dispossessed, they cannot claim that the dispossess proceedings canceled this term of the lease. It must, however, be remembered that the only covenant which the plaintiff claims that the defendants broke is the covenant to pay rent, which resulted in the dispossess proceedings. She is entitled to

retain the deposit, if at all, only as damages resulting directly or indirectly for such breach. She has, however, now brought this action for this breach, alleging $250 damages. Obviously she cannot claim to. recover actual damages and at the same time retain the stipulated damages. The counterclaim for the return of the $500 deposit can be met only by a reply and proof that she has a right to retain this amount as stipulated damages; but the plaintiff, after bringing an action for actual damages and presenting her proof on this issue, cannot, in the same action, raise the absolutely inconsistent claim that she has agreed upon stipulated damages, and recover on both issues. The plaintiff's complaint and the defendants' counterclaim, read together, show that both parties are agreed that the sum of $500 is not stipulated damages for the defendants' breach. It follows that the defendants are entitled to judgment on the counterclaim.

Judgment should be reversed, with $30 costs, and judgment ordered for the defendants in the sum of $250, with costs.

BIJUR, J. I concur in the result reached by Mr. Justice LEHMAN, but I believe that the provision was one for a penalty, because, since there was no covenant to pay rent which survived summary proceedings, I think that the contingency provided against was one in which no damages could accrue. See Cæsar v. Rubinson, 174 N. Y. 492, 67 N. E. 58; Feyer v. Reiss, 154 App. Div. 272, 138 N. Y. Supp. 964.

FINCH, J. (dissenting). Action for one month's rent, payable in advance, due March 15, 1915. The answer, besides denials, set up a counterclaim for the return of $500 deposit made to secure the performance of defendants' covenants. The motion to dismiss the counterclaim was granted without prejudice by the court. The answer also pleaded:

That the plaintiff "ousted the defendants from the said premises and took possession thereof, and informed and instructed the undertenants not to pay any rent to the defendants herein, * * * and that on * * * 10th day of 'March, 1915, the defendants have surrendered possession of said premises to the plaintiff, and the plaintiff remained and still remains in possession thereof."

The lease was made January 13, 1914, for three years, at a rental of $250 a month, payable on the 15th of each month, and the lease recites:

"It being distinctly understood and agreed that time is of the essence of this contract."

In addition, the lease provided as follows:

"The party of the second part has this day deposited with the party of the first part the sum of five hundred ($500) dollars as security for the faithful performance of all terms, covenants, and conditions in the within lease contained; it being expressly understood and agreed that, if the party of the second part surrenders said premises or is dispossessed therefrom prior to the expiration of this lease, then in that event the said sum of five hundred ($500) dollars shall belong to the party of the first part as liquidated and stipulated damages, and that the parties hereto stipulate to treat said

deposit as such liquidated damages, because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder. If, however, all terms, covenants, and conditions are fully complied with, then in that event the said security shall be returned to the party of the second part at the expiration of this lease."

At the time of the leasing the Christopher Pitkin Company was the owner of the premises, but in January, 1915, it deeded by a full covenant and warranty deed the premises to the plaintiff, together with "all its right, title, and interest in and to the within lease  *  *  * and the security thereunder."

The plaintiff put in evidence the deed to her and the assignment of the lease, and testified that she demanded rent of the defendant Morris Feldman on the evening of the 15th of March, when the defendant was on the street, not very far from his house, and that she did not go to the house until she went with the marshal on the 19th day of March, when the marshal was executing a warrant of dispossess, and rested. It appears that Max Feldman, one of the defendants, died subsequent to the leasing of the premises. The defendant on his part testified that about eight days after the plaintiff acquired title to the house she came to see him in his room in the house, and stated:

"She told me that she comes for the house," and "she said I should transfer the house and the lease."

The defendant informed her that if she would give him the $100 provided for in the lease he would "transfer the lease" to her. (The wording of the lease is not clear, but it appears that upon 15 days' notice the lease might be canceled by a payment of $100 to the tenant.) It further appears, from the testimony of defendant and his witnesses, that before the dispossess proceedings plaintiff directed the subtenants to pay her the rent, and that thereafter they refused to pay it to the defendant. The testimony in this regard is not as clear as might be desired, but it must be borne in mind that the witnesses were not very conversant with English. There was sufficient to raise a question of fact as to whether or not an eviction had occurred, and the direction of a verdict was therefore erroneous. Burhans v. Monier, 38 App. Div. 466, 56 N. Y. Supp. 632.

It may be urged that the question of eviction was res adjudicata, in that the final order in the dispossess proceeding is conclusive on the proposition that there was rent due at that time, and that therefore there had been no eviction. That contention, however, cannot be entertained on this appeal, because it was not thought of in the court below. Though the complaint does incidentally allege the order in the dispossess proceedings, the evidence of the eviction was admitted without objection on that score, and the parties indicated no intention to raise the question of res adjudicata.

Upon the retrial the questions raised by the counterclaim for the deposit will arise, so that they must be considered here. In the lease at bar it appears that there is no provision whereby the covenants survive the termination of the lease by dispossess proceedings. In consequence, the damages at the time of the dispossess are easily and ex-

actly ascertainable, and hence the retention of the deposit by the plaintiff is by way of a penalty, and not liquidated damage. Cæsar v. Rubinson, 174 N. Y. 492, 67 N. E. 58; Feinsot v. Burstein, 78 Misc. Rep. 259, 138 N. Y. Supp. 185, and cases there cited; 161 App. Div. 651, 146 N. Y. Supp. 939.

The case of Feyer v. Reiss, 154 App. Div. 272, 138 N. Y. Supp. 964, is not contra, because in that case the court expressly found that "the proceedings for dispossession did not affect the covenants under which the defendants alleged the right of retention of the deposit as liquidated damages," and it does not appear but that the covenants to pay rent and make repairs survived the dispossess proceedings. Judgment should therefore be allowed on the counterclaim, less the amount which may finally be shown to be due the plaintiff on account of any breaches in the covenants under the lease.

Order reversed, judgment vacated, and a new trial ordered, with $30 costs to appellant to abide the event.