## LEVY v. FREIMAN.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

1. Contracts (§ 190*)—Construction—Subject-Matter.

Where the seller of property deposited with defendant a sum in escrow, to be returned if the seller had a violation against the premises dismissed, and to be paid to the buyer if he did the work requisite to have the violation dismissed, the buyer must show that the violation was removed and the work paid for by himself, in order to recover the deposit.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 190.*]

2. Damages (§ 81*)—Liquidated Damages—Breach of Contract.

Where the seller of property deposited a sum in escrow, to be returned if he removed a violation against the premises, and to be paid to the buyer if the latter did the work necessary to remove the violation, upon removing the violation by doing the work, the buyer was entitled to recover the whole sum as liquidated damages, and not merely sufficient thereof to pay for the work done; the actual damages contemplated being uncertain, and the amount on the face of the contract not being disproportionate to the probable loss caused by the seller's failure to remove the violation as agreed.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

3. Damages (§ 76*)—Liquidated Damages—Nature.

Where the actual damages contemplated at the time of the agreement are uncertain in their nature, and incapable of being exactly determined, and may be dependent upon extrinsic circumstances, and the amount agreed upon as damages for its breach is not, on the face of the contract, wholly disproportionate to the probable loss therefrom, it will be deemed liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–175; Dec. Dig. § 76.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Joseph Levy against Leopold Freiman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Isador Dobroezynski, for appellant.

Louis Burstein (Charles Burstein, on the brief), for respondent.

JENKS, J. The defendant appeals from the plaintiff's judgment for $100, rendered after trial in the Municipal Court without a jury. The plaintiff complains that the defendant is liable to him upon the defendant's undertaking, as follows:

"I, Leopold Freiman, do hereby acknowledge the receipt of the sum of one hundred dollars, which I agree to hold in escrow until violation No. 532/03 against premises No. 148 Varet street shall have been removed, or dismissed; and upon presenting to me dismissals of the said violations I agree to return the sum of one hundred dollars, provided, always, that if the said work has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been done by the said Isadore Deutsch and Samuel Deutsch, and paid for by them, then the $100 is to be returned to Isadore Deutsch and Samuel Deutsch. If, on the other hand, the work shall have been done by Joseph Levy, and paid for by him, then I am to turn over the said sum of $100 to Joseph Levy.

"Dated New York, June 28, 1907.　　　　　　　　Leopold Freiman."

The record is almost bare of any evidence to put the court in the situation of the parties, that it might consider the surrounding circumstances in quest of their meaning and intent. The defendant's efforts thus to aid the court were repressed under objections, and so the court was deprived of the application of "a conspicuous and far-reaching rule." Gillet v. Bank of America, 160 N. Y. 555, 55 N. E. 292; Maloney v. Iroquois Brewing Co., 173 N. Y. 310, 66 N. E. 19. The writing shows that the defendant received $100, but not who deposited it. It did crop out in the testimony that Deutsch was the seller of the premises and the plaintiff was the purchaser thereof. We may also infer that there was "a violation" outstanding, and that this agreement was made in consequence; and as the defendant agrees "to return" the sum to the Messrs. Deutsch, and "to turn over" the sum to the plaintiff, we may infer that the Messrs. Deutsch were the depositors. The agreement contemplated that work would be done to remove the violations, and the purpose of the deposit was to indemnify the plaintiff if the cost of the work was paid by him. He was bound to show that the violation had been removed or dismissed as the result of such work so paid for. I think that the plaintiff failed to prove the doing of such work and payment therefor. His own testimony is too general and indefinite, and that of the inspector vague and indicative somewhat that such particular work was not done. The testimony of the latter witness likewise indicates that the violation was not dismissed because of any work done. I think, therefore, that there should be a new trial.

As to the question whether the plaintiff was entitled to the $100, or only so much thereof as actually made good his outlay for the work, the rule is that this depends on the intention of the parties, shown by the situation and by the writing. See Caesar v. Rubinson, 174 N. Y. 496, 67 N. E. 58. The terms of the writing are that the $100, not any part thereof, or so much thereof as may be necessary, shall be paid to the plaintiff in the event of his doing the work. A rule frequently invoked, and one germane to this question, is that such a sum is regarded as liquidated damages when the actual damages contemplated at the time of the agreement "are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, in the face of the contract, out of all proportion to the probable loss." Ward v. Hudson River Building Co., 125 N. Y. 230, 26 N. E. 256; Little v. Banks, 85 N. Y. 258; Kemp v. Knickerbocker Ice Co., 69 N. Y. 45, 57; Clement v. Cash, 21 N. Y. 253; Baglie v. Peddie, 5 Sandf. 192; Id., 16 N. Y. 469, 69 Am. Dec. 713; Dunlop v. Gregory, 10 N. Y. 241, 61 Am. Dec. 746; Cotheal v. Talmage, 9 N. Y. 551, 61 Am. Dec. 716. See, too, Ward v. H. R. B. Co., 125 N. Y. 230, 26 N. E. 256. I do not mean to say that this rule must be necessarily applied

upon the new trial, which may disclose additional facts to reveal the intention of the parties.

The judgment is reversed, and a new trial ordered; costs to abide the event. All concur.