LAWRENCE ATTERBURY and Others, as Executors, etc. of ANNIE T. L. ATTERBURY, Deceased, Respondents, *v.* THE BANK OF WASHINGTON HEIGHTS OF THE CITY OF NEW YORK, Appellant.

First Department, November 28, 1924.

Landlord and tenant — action by estate of lessor to recover from bank amount of trade acceptance deposited as security for rent — lessor dispossessed tenant in summary proceedings — right to rent ceased under terms of lease on dispossession — security in excess of rent due when tenant was dispossessed cannot be retained by lessor.

The estate of a lessor cannot recover from a bank on a trade acceptance that was deposited by the lessee with the lessor as security for rent, where it appears that the lessor dispossessed the tenant in summary proceedings and that by the terms of the lease the right to rent ceased on dispossession.

Security deposited by the lessee in excess of the rent due when the tenant is dispossessed, cannot be retained by the lessor.

APPEAL by the defendant, The Bank of Washington Heights of the City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of January, 1924, upon the verdict of a jury rendered by direction of the court.

*Phillips, Leibell & Fielding* [*Isaac N. Jacobson* of counsel; *Warren C. Fielding* with him on the brief], for the appellant.

*Everett, Clarke & Benedict* [*Herman S. Hertwig* of counsel; *William Montague Geer, Jr.,* with him on the brief], for the respondents.

FINCH, J.:

It appears that the plaintiffs' testatrix, as lessor, and one Alfred J. Higgins, as lessee, entered into a lease of certain premises, and that pursuant to the terms of said lease the lessee deposited with the lessor an order on the defendant bank to pay to the order of the lessor $11,250 on December 31, 1920, indorsed on which order

was the acceptance of the bank. When said instrument was about to fall due, the lessee requested the lessor to accept a cash payment of $5,250 and a new accepted instrument for the balance, to which the lessor consented, and the following instrument, upon which this suit is brought, was delivered to the lessor together with the sum of $5,250 in cash:

" No............December 29, 1920.                    $6,000.00
" On December 31, 1921, pay to the order of ourselves, Six thousand 00/100 Dollars.

" The obligation of the acceptor hereof arises out of the purchase of goods from the drawer. The acceptor may make this acceptance payable at any bank, banker or trust company in the United States which he may designate.

" To Bank of Washington Heights,
    " New York City, N. Y.
" Due Dec. 31, 1921.
                    " ALGIN REALTY CORPORATION
                        " By ALFRED J. HIGGINS, *Pres.*
                            " L. S. ROUGH, *Treas.*"

Indorsed upon the face thereof was the following:

                    " TRADE ACCEPTANCE
                        " Accepted
" Date Dec. 29th — 20.
    " Bank THE BANK OF WASHINGTON HEIGHTS OF THE CITY OF NEW YORK.
                    " Sig. JAMES J. O'SHAUGHNESSY
                            " By Vice Prest."

The defendant in its answer admitted the execution by them of the instrument sued on, and set up two separate defenses which in effect may be deemed to be and by the defendant have been considered as three defenses: *First*, that the instrument was a guaranty by the defendant bank of performance by the lessee of the provision of the lease regarding the deposit, and that it was without consideration to the bank, and hence *ultra vires* and void; *second*, that the instrument is void under subdivision 2 of section 106 of the Banking Law; and *third*, that the plaintiffs' right to enforce the instrument was destroyed by a re-entry of the lessor by summary proceedings, at a time when the rent actually owing was less than the amount of cash deposited.

Without discussing the other questions raised upon this appeal, the judgment will have to be reversed, since it is specifically provided under paragraph 9 of the lease that the lessee should not continue liable for rent in the event he was compelled to vacate

the premises through dispossess or ejectment. Said paragraph reads as follows:

" In case of any default in the performance of any of the covenants and agreements herein contained, or in case the lessee abandons the premises or the same shall become vacant, or if the lessee shall become dispossessed or ejected, then the lessor may re-enter and re-occupy the said premises and remove all persons therefrom, and the goods and chattels of said persons without any liability in law or equity for any damage caused by such removal. In case the premises become so vacant by abandonment during said term, but not by dispossess or ejectment, then the lessor may relet the demised premises as the agent of the lessee for the remainder of the term for the account of the said lessee, and the lessee shall remain liable for the rent and to the payments reserved hereunder, less the avails of re-letting if any there be, and shall pay the same as hereinbefore provided for the payment of rent. If the lessor shall acquire possession of the said premises, or any part thereof, by summary proceedings, or by any other action or judicial proceedings, or in any other lawful manner without judicial proceedings, it shall be deemed a re-entry within the meaning of that word as used in this lease."

The lessor having repossessed herself of the premises in question by a final order in summary proceedings, under the very terms of the lease the right to rent in the future ceased, which also is in accordance with the well-established rule of law that such a re-entry by a landlord terminates the relation of landlord and tenant and absolves the tenant from any liability for rent under a lease in so far as such rent is not accrued at the time of re-entry, unless the parties expressly covenant otherwise. (*Michaels* v. *Fishel,* 169 N. Y. 381; *Caesar* v. *Rubinson,* 174 id. 492.) In the case last cited the court, by O'BRIEN, J., said: " The entry of the landlord under the warrant issued upon the judgment in the proceedings to dispossess the tenants for failure to pay the forty-five dollars canceled the lease and annulled the relation of landlord and tenant. When the landlord elected to assert that right he waived all claim to the deposit, except so far as it was necessary to apply it in payment of rent then due or accrued."

It follows that any security retained by the lessor in excess of the rent due at the time of the aforesaid final order could be retained solely as a penalty, which finds no support in the authorities. The only time a sum certain stipulated in a contract is permitted to be retained or recovered as compensation for a breach of the contract, is when it can be considered as liquidated damages and not as a penalty, the amount being not disproportionate to the

damages actually suffered and the exact amount of such damages not being readily ascertainable. (*Levy* v. *Freiman,* 131 App. Div. 298.)

While a first reading of paragraph 29 of the lease seems to indicate that the deposit may be applied by the lessor to any deficiency in rent whether accruing before or after re-entry by summary proceedings, a careful reading of said paragraph shows that the lessor may apply the deposit to the payment of any deficiency in reletting " as hereinbefore mentioned," namely, " in case the premises become so vacant by abandonment during said term, but not by dispossess or ejectment," as provided by paragraph 9, aforesaid.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur

Judgment reversed, with costs, and complaint dismissed, with costs.