Milton S. Fine and Another, Respondents, v. Irving Fensterman, Appellant.

Supreme Court, Appellate Term, First Department, December 15, 1924

Landlord and tenant — action to recover rent — defendant removed from premises after institution of summary proceedings — issuance and service of precept canceled lease as of time of removal — landlord cannot recover rent for period after tenant left premises.

A landlord cannot recover rent of premises for the month following the removal of the tenant therefrom, which removal was induced by the issuance and service of a precept in summary proceedings to dispossess, for the issuance and service of the precept canceled the lease as of the time the tenant removed from the premises, and, therefore, it was error for the court to grant the plaintiff judgment for rent for the month following the removal of the tenant on the theory that the lease was still in force and that the landlord had been unable to relet the premises.

Appeal by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Eighth District, rendered in favor of plaintiffs.

*Edward Heyman*, for the appellant.

*Seidenstein & Dukore* [*Isaac J. Dukore* of counsel], for the respondents.

Per Curiam:

This action was instituted by the plaintiffs against defendant to recover rent for two months, namely, the months of February and March, 1924, claimed by plaintiffs to be due them under a written lease executed by the defendant. It appears from the evidence adduced at the trial that on February 16, 1924, the defendant was served with a precept in summary proceedings instituted by the landlords to recover possession of the premises for non-payment of rent. The precept was returnable on the twentieth of February, on which day the court gave the defendant here five days in which to pay the rent or remove from the premises. On February twenty-first the defendant moved from the premises and delivered the keys to the superintendent of the building. On the theory that the service of the precept in no way disturbed the relationship of landlord and tenant and that the lease was still in full force and effect, the landlords instituted this action to recover the full rent for the months of February and March because they had been unable to relet the said premises formerly occupied by the defendant. The court below granted judgment to the plaintiffs for the two months'

rent adopting the view that the lease in question was still an effective and existing agreement.

We believe the conclusion of the court below was error. The issuance and service of the precept canceled the lease as of the time of the removal from the premises by the tenant, and the landlords are entitled to recover only such rent as was due them under the agreement at the time of the removal of defendant. Such a cancellation is not effected by statute but is the result of the institution of summary proceedings. In the case of *Cornwell* v. *Sanford* (222 N. Y. 248) the court said (at p. 252): " Judicial decisions have uniformly held that the moving by the tenant from the leased premises, enabling thereby the landlord to take peaceable possession of them, after the issuance and service of the precept in the summary proceedings, cancels the lease and annuls the relation of landlord and tenant as of the time of the removal; the service of the precept is an election and declaration on the part of the landlord that the tenant should remove from the premises and that the lease should be canceled; it gives to the tenant the right to remove from the premises and effect the cancellation of the lease at any time thereafter; the removal is the precise act and effect the landlord sought through the service of the precept and the proceeding, and it is entirely immaterial, within the law, whether it is produced through the warrant or the conduct of the tenant in obedience to the precept." Accordingly, the plaintiffs here were not entitled to recover under the facts presented at the trial any rent for months subsequent to February, 1924.

For the reasons above stated, the judgment must be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.