COLEBROOK REALTY CO., INC., Plaintiff, *v.* —— GOLDWATER, Defendant.

City Court of New York, March 13, 1925.

Landlord and tenant — rent — tenant vacated premises after landlord procured final order in summary proceedings to dispossess, but before issuance of warrant of eviction — tenant liable only for accrued rent — clause in lease providing for deposit as security for landlord's expense in regaining possession of premises deemed penalty — tenant entitled to offset amount of security in action for rent.

A tenant is liable only for the accrued rent of premises where said premises are vacated after the landlord procures a final order in summary proceedings, but before a warrant of eviction is issued, since the lease is canceled and terminated upon the tenant's voluntary removal.

A clause in a lease providing for the payment of $700 as a deposit for the security for the landlord's expenses in regaining possession of the premises but which expressly sets out that said deposit is not to be applied to rent due or to become due, must be regarded as a penalty and not as liquidated damages, where no actual expense is shown to have been incurred in regaining possession, since the cost thereof, in the event of abandonment or dispossession, is grossly disproportionate to the amount of the security to be forfeited.

Accordingly, a tenant in an action for rent is entitled to offset against the amount of rent accrued the sum of $700 held as a deposit by the landlord under the terms of the lease.

ACTION for rent.

*Philip Goldfarb*, for the plaintiff.

*Meyer Levy*, for the defendant.

McKEE, J.:

This is an action for rent, submitted on an agreed statement of facts. I find that paragraph 9 of the lease is identical with the clause construed by the court in *Wolf* v. *Rudinsky* (135 App. Div. 172). There the court said that " The privilege of the landlord to re-enter and let the premises as the agent of the tenant is expressly limited to the contingency of the premises being vacant."

Here in the present case the landlord had obtained a final order and " after the issuance of the said precept and pursuant thereto and before a warrant was issued the said defendants vacated the premises in question." This terminated the lease. (*Cornwell* v. *Sanford*, 222 N. Y. 248, cited in *Fine* v. *Fensterman*, 124 Misc. 178.) Upon the cancellation of the lease the tenant was liable only for the accrued rent. " When the landlord elected to assert that right, he waived all claim to the deposit, except so far as it was

necessary to apply it in payment of rent then due or accrued."
(*Caesar* v. *Rubinson*, 174 N. Y. 492, cited with approval in *Atterbury* v. *Bank of Washington Heights*, 211 App. Div. 90.)

Another clause in the lease provided that the tenant shall deposit $700 as security for the faithful performance of all its terms, conditions and covenants, and that upon failure of the tenant to comply therewith, or his being dispossessed from the premises or abandoning the same, the security shall belong to the landlord as liquidated damages in payment of such costs, disbursements and expenses as it might undergo in regaining possession; it being further agreed that said security " shall not in any manner be considered as payment for rent due or to become due by reason of these presents or in any manner release the tenant from such rent to be paid or from any of the obligations assumed by the tenant."

It thus appears that this deposit was to survive the dispossession of the tenant, but its application was to be limited to the expense the landlord might incur in regaining possession. It was expressly not to cover rent due or to become due, and it is evident that the cost of regaining possession in the event of abandonment or dispossession is entirely disproportionate to the amount of the security to be forfeited. Hence the deposit must be regarded as a penalty,. and not as liquidated damages. (*Chaude* v. *Shepard*, 122 N. Y. 397; *Caesar* v. *Rubinson*, 174 id. 492.) No actual expense is shown to have been incurred.

Therefore, the landlord in the present case is entitled to the sum of $700 rent for the months of December, 1924, and January, 1925, The tenant is entitled to offset against this amount the sum of $700, held as a deposit by it under the terms of the lease.

Submit findings.